### CENTURY INDEMNITY CO. v. DUMAS et al.

#### Civ. No. 3945.

United States District Court
N. D. New York.

Argued July 25, 1951.

Decided Aug. 7, 1951.

590

to recover on account of alleged negligence arising out of the collision of two motor vehicles, the accident occurring in Herkimer County, New York, on or about the 19th day of February, 1950. In that action Dumas, et al., has impleaded a third-party defendant by state third-party proceedings.

Defendants, Farm Bureau Mutual Automobile Insurance Company and Dumas, et al., move under the provisions of Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A., to dismiss the action for lack of jurisdiction, improper venue and insufficiency of service of process. It would appear that the motions must be granted.

The jurisdiction of the Court is based upon diversity of citizenship of the litigants, and it is fundamental that, to give the Court jurisdiction, such diversity must exist between every plaintiff and every defendant. Here, the plaintiff is a citizen of Connecticut as is also the defendant Dumas, who appears to be an indispensable party. Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47.

Service of the summons was made upon Dumas and the Farm Bureau Company outside of the State of New York. The service is ineffectual under the provisions of Rule 4(f). Federal Landlords' Committee v. Woods, D.C., 9 F.R.D. 622.

With the elimination of the above parties, the action stands as properly brought against defendant Taylor, who does not join in the motion. It is apparent, however, that parties other than Taylor are indispensable here, and it further appears that the action pending in the state court in Herkimer County will determine all of the rights of the parties, or at least all of the rights of the parties may be determined therein. The Court, therefore, feels that for the reasons above stated, and on account of all of the facts and circumstances, the motion should be granted dismissing the complaint in its entirety, and as against all parties. Uryga v. Ragen, 7 Cir., 181 F.2d 660 at 664; Jones v. Motorola, Inc., 2 Cir., 186 F.2d 707.

It is so ordered.

---

Brush, Lawrence & Bennett Herkimer, N. Y., for plaintiff, Albert L. Lawrence, Herkimer, N. Y., of counsel.

Fred J. O'Donnell, Ilion, N. Y., for defendants Dumas & Schweir & Farm Bureau Co.

BRENNAN, Chief Judge.

This is an action for a declaratory judgment in which plaintiff seeks an adjudication of the rights of all parties under the terms of certain automobile liability insurance policies.

There is pending in the Supreme Court of Herkimer County a negligence action brought by Taylor against Dumas, et al.,