## WHITTINGTON v. JOHNSTON et al.
### No. 773-N.

United States District Court,
M. D. Alabama, N. D.
Jan. 26, 1952.

William R. Martin, Ozark, Ala., for plaintiff.

Jesse Williams Jr. of the firm of Rushton, Stakely & Johnston, Montgomery, Ala., and Ewell C. Orme, Troy, Ala., for defendants.

KENNAMER, District Judge.

The defendants move to dismiss this cause of action out of this court for that the plaintiff, in her complaint as amended, fails to state a cause of action under 8 U. S.C.A. § 43.

The court has heard able counsel for the plaintiff and defendants on the motion to dismiss, and has studied the cases cited in the memorandum briefs; and having considered and understood the motion, is of the opinion that the court does not have jurisdiction, and that the motion should be granted.

Accepting, as this court must, for the purpose of testing the sufficiency of the amended complaint, the well-pleaded facts of the complaint, they are, in short, as follows:

Plaintiff and defendants are all residents of the State of Alabama. Plaintiff, although a sane person, was caused, by the defendants, to be arrested, confined in the County Jail of Pike County, Alabama, from January 5 to 9, 1951, and was, on the false or unwarranted certificates and statements of the defendants, declared to be insane by the Probate Court of Pike County,

Alabama, and ordered committed to the Bryce Insane Hospital at Tuscaloosa, Alabama.

None of the defendants is alleged to have been an official of the State of Alabama, nor to have acted in any official capacity at the time they are alleged to have conspired and agreed together to deprive plaintiff of her liberty by having her committed to jail and Bryce Insane Hospital as insane.

All of the defendants were private citizens at the time of the alleged wrong, and the complaint makes no claim that the conspiracy or the overt acts involved any action by state officials.

 The statute does not, and cannot, under the 14th Amendment, constitutionally afford redress for invasions of rights at the hands of individuals, but can be applied only to injuries to civil rights by persons acting pursuant to or under color of state law. The 14th Amendment to the Constitution protects the individual against state action, not against wrongs done by individuals.

The Act, 8 U.S.C.A. § 43, says: "Every person who, under color of any statute, ordinance, * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Plaintiff alleges in her bill of complaint that the defendants, all private citizens, acted under color of the Code of Alabama, Title 15, Section 432, and Title 45, Sections 208, 209, and 210, to cause her to be declared insane and to be incarcerated.

Title 15, Sec. 432, Code of Alabama, provides for the arrest of insane persons or maniacs by any officer or person, and for a hearing.

Title 45, Sections 208, 209, and 210 provide for "Application to and of probate judge for admission of patient"; "Reply to application for admission", and "Certificate of probate judge for admission of patient".

No decision by the supreme or federal appellate courts has been called to this court's attention, and this court has found none, which holds that such alleged misconduct of private individuals falls within the ambit of federal constitutional and statutory prohibitions.

 This court is of the opinion that there are no provisions in the federal constitution establishing a right in favor of persons not to be deprived of liberty on false or malicious testimony in state courts by private individuals, where procedural due process has been conformed with, and where the alleged misconduct on the part of the private individual is punishable under the laws of the state, and are also civilly actionable.

The right alleged to have been violated is not a right secured by the United States Constitution and the Amendments thereto.

 The right not to have private individuals swear falsely in a state court is not a right secured or recognized by the Constitution, and congress has not, and cannot, create a federal cause of action in favor of persons injured by private individuals through the abridgement of rights which are not federal constitutional rights.

It is, therefore, ordered, adjudged, and decreed that the defendants' motion to dismiss the plaintiff's cause of action herein, be, and the same is granted, and the cause of action is dismissed.

The plaintiff is taxed with cost, for which execution may issue.