## GARCIA v. UNITED STATES.

### No. 13395.

United States Court of Appeals
Ninth Circuit.

June 25, 1952.

Rehearing Denied July 21, 1952.

Victor M. Garcia, in pro. per.

J. Charles Dennis, U. S. Atty., Harry Sager, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

### PER CURIAM.

Garcia has noticed an appeal from an order of the district court denying his motion to set aside a judgment of conviction and the plea of guilty to second degree murder on which the judgment was based. The appeal record has been docketed in this court and the case awaits briefs of the respective counsel. A motion made by appellant for the appointment of counsel on the appeal has caused the court to examine the merits of his appeal to determine if the appointment of counsel is warranted.

The gravamen of Garcia's motion in the district court and the chief issue on the appeal is whether he was coerced into pleading guilty to a charge of second degree murder. In the syndrome of this contention are allegations that his counsel, Goodwin, was negligent and ineffective since he helped to cajole Garcia into pleading guilty, that he was denied a jury trial, that he was insane and not legally responsible for his act, and that he was denied a hearing on the charge against him.

The district judge found that Garcia had pleaded guilty to a lesser charge of second-degree murder on the agreement of the United States Attorney not to ask for conviction on the indictment which charged first-degree murder. The court accepted the plea of guilty on June 4, 1951, but not until the following colloquy took place:

"The Court: Have you discussed fully with the Defendant the rights and consequences of his entering such a plea?

"Mr. Goodwin: Yes, your Honor. I have discussed that very fully with him, and advised him of the consequences and what he might expect if he does enter such a plea. I have given him to understand that the Court has the power and would undoubtedly—I can't speak for the Court, of course, and he knows that—that the Court has the power to sentence him to life imprisonment under second degree murder, and, under circumstances, I advised him that the Court would sentence him to the maximum. I am not speaking for the Court, but I have so advised him.

"The Court: I ask the Defendant, do you understand what your counsel just said?

"The Defendant: Yes, your Honor.

"The Court: You understand that if you plead guilty to this indictment that the Court can impose just as severe a penalty and sentence, and judgment of sentence, upon you as if you stood trial

688

on a not guilty plea before a jury of twelve jurors, duly impaneled, to try your case and were, by such jury in consideration of the evidence introduced before the jury and in light of the Court's instructions, found guilty. Do you understand that?

"The Defendant: Yes, your Honor.

"The Court: In other words, your plea of guilty dispenses with all further trial proceedings except a hearing for the purpose of imposition of judgment and sentence, just the same as if you had already stood trial, and had been convicted by a jury? Do you understand that?

"The Defendant: Yes, your Honor.

"The Court: If you should plead guilty, the results that may follow from such a plea of guilty have the same effect and carries with it judgment and sentence just as severe as if you had plead not guilty and had been convicted by a jury after trial before a jury. Do you understand that?

"The Defendant: Yes, your Honor * * *."

Sentencing was then put over until June 19, when the following took place:

"The Court: My understanding is that this cause comes now before the Court pursuant to the plea of guilty to second degree murder previously entered by this Defendant in this case, for the purpose of having the Court now impose the judgment of sentence of the Court. Is that the understanding of Plaintiff's counsel?

"Mr. Sager: It is.

"The Court: Does the Defendant understand that?

"The Defendant: Yes, sir.

"The Court: Are you personally willing now that the Court so proceed?

"The Defendant: Yes, your Honor * * *.

"The Court: It is lawful for the Court to impose a sentence in this case for any term of years or for life of the defendant. Is that the understanding of each side?

"Mr. Sager: It is.

"Mr. Goodwin: That is the understanding of the Defendant.

"The Court: Does the Defendant understand that?

"The Defendant: Yes, your Honor * * *."

At the time of accepting the plea of guilty, the court also had before it a report by a neuropsychiatrist, Otto Schaefer, M.D., who concluded that Garcia was sane at the time of the killing.

■ Appellant also alleges that he was denied his right to testify in the motion proceeding under 28 U.S.C. § 2255. There is not an unqualified right to appear in a motion proceeding. If the records of the case conclusively show that the prisoner is entitled to no relief, the court need not take any action other than a denial of the motion. 28 U.S.C. § 2255.

■ Since the record shows so indisputably that Garcia's contentions lack merit, his appeal is ordered dismissed as frivolous.