**TATUM v. UNITED STATES.**

No. 13550.

United States Court of Appeals
Ninth Circuit.

May 14, 1953.

Writ of Certiorari Denied June 8, 1953.

See 73 S.Ct. 1125.

James Luther Tatum, in pro. per.

Edward Scrugg, U. S. Atty., E. R. Thurman, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

---

3. In re Shupack's Estate, 158 Misc. 873, 287 N.Y.S. 184, 204.

4. 31 C.J.S. Evidence, § 124, page 743.

5. Cf. Borden v. Commissioner, 2 Cir., 101 F.2d 44.

Before MATHEWS and ORR, Circuit Judges, and JAMES M. CARTER, District Judge.

MATHEWS, Circuit Judge.

In the United States District Court for the District of Arizona, appellant, James Luther Tatum, pleaded guilty to (1) an indictment charging him with violating 18 U.S.C.A. § 2312 on or about August 15, 1949, (2) an indictment charging him with violating 18 U.S.C.A. § 751 on or about October 22, 1949, and (3) an indictment charging him with violating 18 U.S.C.A. § 2312 on or about August 18, 1949. Thereupon, on November 28, 1949, the District Court entered (1) a judgment sentencing appellant to be imprisoned for three years on the first indictment, (2) a judgment sentencing him to be imprisoned for three years on the second indictment, to run consecutively with the sentence on the first indictment, and (3) a judgment sentencing him to be imprisoned for three years on the third indictment, to run consecutively with the sentence on the second indictment.

On June 9, 1952, while in custody under the sentences mentioned above, appellant caused to be filed in the District Court (1) a petition entitled "Petition for writ of habeas corpus ad testificandum" and (2) a petition entitled "Petition for motion to quash, annul and make void sentences as made and provided for under Title 28, section 2255 U.S.C.A."[1]

The first petition stated that appellant was in custody of the warden of the United States penitentiary at Leavenworth, Kansas. It prayed the District Court to issue a writ of habeas corpus ad testificandum requiring the warden to produce appellant before the District Court at the time of hearing the second petition.[2] It did not pray for any other relief. The second petition prayed the District Court to release appellant from further imprisonment and punishment. It did not pray for any other relief. The stated ground of the second petition was, in substance, that the sentences ran concurrently and had expired. Actually, as the judgments clearly showed, the sentences ran consecutively and had not expired. Accordingly, on July 14, 1952, the District Court entered an order denying the petitions without a hearing. This appeal is from that order.

The petitions and the files and records of the three cases wherein appellant was sentenced conclusively showed that he was entitled to no relief. There was, therefore, no error in denying the petitions.

Order affirmed.

---

1. The petitions are in the record on appeal filed here on September 19, 1952. The printed "transcript of record" contains a true copy of the second petition (including the title thereof) and a true copy of the body of the first petition but does **not** contain a true copy of the title of the first petition. As indicated above, the first petition was entitled "Petition for writ of habeas corpus ad testificandum."

2. In the first petition, the second petition was called a motion.