**UNITED STATES of America**

v.

**Regis WILLIAMS.**

**Cr. Nos. 12327, 12342.**

United States District Court,
W. D. Pennsylvania.

Jan. 10, 1955.

No appearance in case.

GOURLEY, Chief Judge.

This petition for habeas corpus is premised upon the thesis that the court illegally increased petitioner's sentence.

The petition is loosely drawn without aid of counsel. In view of the fact that petitioner is confined outside the limits of the Western District, and that the United States District Court in New. Haven, Connecticut, relegated petitioner for relief to this district, I shall treat the petition as a motion to vacate and set aside judgment and sentence. 28. U.S.C.A. § 2255.

Relief under the statutory section invoked may be granted where it appears that there has been such a denial or infringement of the constitutional rights of the petitioner as to render the sentence vulnerable to collateral attack. U. S. v. Riccardi, 3 Cir., 188 F.2d 416; U. S. v. Gallagher, 3 Cir., 183 F.2d 342.

The issues posed relate entirely to a question of law, and no need or requirement exists to have petitioner

present for purpose of testifying. Brown v. U. S., 6 Cir., 212 F.2d 589.

On July 2, 1946, upon petitioner's entry of a plea of guilty to a charge of mail theft and forgery of two checks, one in the amount of $31.17 and the other in the amount of $15.59, sentence was imposed for confinement in a penitentiary for a period of twenty-four months.

At time of sentence, I stated that the serving of the sentence presupposed the limitation of confinement to a twenty-four month period.

I had categorically stated that if the state authorities of New York, who had lodged a detainer against petitioner, were to see fit to incarcerate him for an extended period as a result of his parole violation, I would exercise my discretion to reduce said sentence.

When I was advised upon the expiration of the sentence imposed by this court petitioner would be required to serve a substantial part of eight years which he owed to the state of New York as a result of his parole violation, I modified said sentence by order of August 27, 1946, whereby the sentence of July 2, 1946 was revoked, and defendant was released on probation for a period of five years. By the imposition of this sentence, I intended and believed the release of the defendant on probation and eliminating the necessity of penal confinement, would amount to a reduction of the sentence imposed.

■ However, upon re-examination and further considered judgment of this order, it was my observation that the court had no power under the Probation Act of March 4, 1945, once a sentence had commenced, to grant a defendant probation even though the term at which the sentence was imposed had not expired. 18 U.S.C.A. § 3651; U. S. v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309.

Accordingly, by order of October 7, 1947, the modified sentence of August 27, 1946 was revoked, and the original sentence of July 2, 1946 was re-instated.

■ Although this court clearly intended that petitioner was not to be confined pursuant to the federal sentence if he were incarcerated for an extended period by the state authorities of New York, nevertheless petitioner had served from July 2, 1946 until October 25, 1946, and from October 27, 1954 until the date of this writing, and presently continues to serve under the federal sentence, even though he had been incarcerated eight years and two days by the authorities of the state of New York.

In light of the circumstances indicated and the comment evinced by the record, I feel it most apparent that the manifest intention of this court was to impose sentence, in event of incarceration of petitioner by the authorities of the state of New York, to run concurrent with such state sentence. Any other interpretation, which construes the intention of this court to impose a two-year federal sentence in addition to confinement by the state authorities for a period of eight years and two days, would prove an unreasonable imposition for the nature of the offense, and, in my judgment, would be unduly burdensome, severe, cruel and inhumane, and violative of the Constitution of the United States.

The court was not aware at the time sentence was imposed that the petitioner would be required to serve a period of eight years and two days in the New York jurisdiction as a parole violator. Approximately six months have been served of the sentence imposed in this proceeding. It was the intention of the court at the time sentence was imposed that no additional sentence would be required in the federal proceeding if the petitioner were required to serve a substantial period of time in the New York proceeding as a parole violator. I therefore, believe for reasons heretofore given that justice requires the court to grant the petitioner's motion to vacate and set aside the judgment imposed.

An appropriate Order is entered.