**Leslie THOMPSON, Appellant,**

v.

**Lillian HEITHER, Police Officer; Marcus Lampe, Police Officer; Edmund Bailey, Police Officer; (Ex) Police Commissioner Boos; Fred W. Piggins, Attorney at Law; Gerald K. O'Brien, Prosecuting Attorney; Ralph Garber, Chief Asst. Prosecuting Attorney; Gerald W. Groat, Judge of the Recorder's Court, et al., Appellees.**

**No. 12783.**

**United States Court of Appeals Sixth Circuit.**

**June 29, 1956.**

James G. Andrews, Jr., Cincinnati, Ohio, for appellant. Leslie Thompson, pro se.

Samuel Brezner and Lawrence E. Eaton, Detroit, Mich., for appellees. Samuel Brezner, Samuel J. Torina, Angelo A. Pentolino, Detroit, Mich., on the brief, for Gerald K. O'Brien, Ralph Garber and Gerald W. Groat; Paul T. Dwyer, Nathaniel H. Goldstick, and Lawrence E. Eaton, Detroit, Mich., on the brief, for Lillian Heither, Edmund Bailey, and George F. Boos.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

SIMONS, Chief Judge.

The appellant was convicted in the state court of a felony on December 7, 1950. Nearly four years thereafter, namely on March 23, 1954, he filed a complaint in the District Court for the Eastern District of Michigan under the

Civil Rights Act, 42 U.S.C.A. § 1981 et seq., claiming damages in fantastic amounts against the judge before whom the case was tried to the jury, the prosecuting attorney and his chief assistant, a former police commissioner, and others, for false arrest, malicious prosecution and a conspiracy among the several defendants in bringing about his arrest and prosecution. He also attacks the constitutionality of the Michigan statute of limitations applicable with certain exceptions to actions in tort, 609.13, C.L. Mich. 1948. Upon motions, his case was dismissed and this appeal is from an order of dismissal.

■ The complaint is based upon vague generalizations and relies upon speculation rather than demonstrable reality. See United States v. Handy, 76 S.Ct. 965. It fails to state a cause of action. No basis is asserted for a holding of unconstitutionality and it is clear beyond cavil that the statute had run against the appellant's suit. It is, therefore, distinguishable from Mohler v. Miller, 6 Cir., 235 F.2d 153. The order of dismissal will be sustained.

■ While unnecessary to present decision, we think it appropriate, in view of the spate of cases of similar import now being lodged in the district courts by persons arrested, indicted, or sentenced for violation of law, to observe that judges and prosecutors, in cases where there is jurisdiction over the persons of defendants and over the offenses for which they are tried, come within the doctrine of judicial immunity by an important series of cases in the Supreme Court of the United States and other courts. Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646; Alzua v. Johnson, 231 U.S. 106, 34 S.Ct. 27, 58 L. Ed. 142. Our recent study of the adjudicated principles is to be found in Kenney v. Fox, 6 Cir., 232 F.2d 288, in which this line of decisions is cited and analyzed. The cruelty residing in the raising of false hopes, by whomsoever instigated, when compensation is sought which courts should not and cannot grant,

ought certainly to be avoided and we are compelled to make this contribution to such result. The challenged order is, Affirmed.