**Willie SMITH and Lonnie Payne, Plaintiffs,**

**v.**

**Lyle JENNINGS and Ethel Jennings, Defendants.**

**Civ. A. No. 2799.**

United States District Court W. D. Michigan, S. D.

Jan. 14, 1957.

**642**

Willie Smith and Lonnie Payne, in pro. per.

Alexander, Cholette, Buchanan, Perkins & Conklin and Paul E. Cholette, Grand Rapids, Mich., for defendants.

STARR, Chief Judge.

This is a civil action for damages, and in considering the defendants' motion to dismiss, it is necessary to set forth briefly the factual background out of which the action arises.

On August 4, 1953, and prior thereto defendants Lyle Jennings and his wife, Ethel Jennings, owned and operated a small rural grocery store or delicatessen in Silver Creek township, Cass county, Michigan. Defendant Lyle Jennings was confined to a wheel chair, both of his legs having been amputated above the knees. In the afternoon of August 4th two Negroes, armed with dangerous weapons, entered the Jennings store on the pretense of buying food and then assaulted both Mr. and Mrs. Jennings and robbed the store of approximately $200. In the course of the robbery one of the assailants struck Mrs. Jennings on the head with a revolver or other object, causing severe lacerations and knocking her to the floor. Mr. Jennings, who attempted to defend his wife, was also knocked to the floor and stabbed approximately 11 times by one of the robbers.

Willie Smith and Lonnie Payne, the plaintiffs in this action, were later arrested in Chicago, Illinois, and positively identified by both Mr. and Mrs. Jennings as the persons who had assaulted them and robbed their store on August 4th. Following their arrest and identification, the plaintiffs were removed to the State of Michigan and were arraigned in the circuit court of Cass county upon the charge of assault and robbery while armed. They waived jury trial, and upon trial before the Honorable Carl D. Mosier, circuit judge of Cass county, in which they were represented by court-appointed counsel, were convicted of the crime of assault and robbery while armed. Judge Mosier sentenced each of the plaintiffs to a

prison term of 20 to 40 years. Comp. Laws Mich.1948, § 750.89.

It appears that in the course of their criminal trial before Judge Mosier plaintiffs Smith and Payne admitted that they were both in the Jennings store on August 4, 1953, but denied the charge of having assaulted and robbed the Jennings, claiming in substance that the Jennings attacked them and that they merely defended themselves. One or more of the Negro girls who accompanied the plaintiffs in their car at the time they entered the Jennings store, testified in substance that they heard a shot fired in the store and that when the plaintiffs returned to the car, one of them carried a brown bag with paper currency protruding from the top, and that one of them had a revolver. It appears that there was ample evidence supporting and justifying the conviction of the plaintiffs of the crime of assault and robbery while armed, and there is no showing that they appealed from the judgment of conviction and sentence.

While serving their sentences in the State prison of southern Michigan, plaintiffs began and are prosecuting in forma pauperis this civil action against the defendants Lyle and Ethel Jennings for money damages in the amount of $100,000.[1] They base jurisdiction of their action on 28 U.S.C. § 1343, and base their claim for money damages on

the Federal civil rights statutes, 42 U.S.C.A. §§ 1983 and 1985 (formerly 8 U.S.C. §§ 43 and 47), and also on §§ 241 and 242 of the criminal code, 18 U.S.C.[2] In their complaint the plaintiffs allege:

"Comes now again the above named complainant * * * and hereby asserts that they is entitled to benefits of redress of grievances in this cause, wherein the following charges are herein lain and are being asked to be lodged against the above joined and named defendants (Lyle and Ethel Jennings), they being the perpetrators of the crime of to-wit:

"1. Perjury in a judicial proceedings; Compilers 1948 [Mich.] § 767.73.

"2. Conspiracy, United States Criminal Code;

"3. Willful felonious and malicious violation of civil and constitutional rights, under the due process and equal protection of the laws of the State of Michigan and the United States (Fourteenth Amendment). That is to say, viz.:

"That on the 19th day of October, 1953, the above and first named parties as conjoint defendants in this cause did willfully and knowingly conspire to obtain a vio-

---

1. It should be noted that while confined in prison the plaintiffs also began and prosecuted in forma pauperis a civil action, No. 2779, in this court for money damages in the amount of $350,000 against Judge Mosier, Glenn Squier, former prosecuting attorney of Cass county, and Robert B. Dool, former deputy sheriff of Cass county. In that action the plaintiffs alleged that the defendants had conspired together to change and substitute a .38-caliber gun for a .32-caliber gun and thereby obtained the plaintiffs' conviction through the use of such false evidence. That action was tried to a jury, and at the conclusion of all proofs the court on the defendants' motion directed a verdict of no cause of action and judgment was entered accordingly. The verdict was directed on the ground that

the plaintiffs had presented no evidence establishing, or from which it could be inferred, that the defendants had conspired together as alleged or that the plaintiffs had been convicted by the use of false evidence. The plaintiffs' motion to set aside the judgment and for a new trial was denied. See opinion, Smith v. Mosier, D.C., 148 F.Supp. 638.

2. It may be noted that §§ 241 and 242 provide only for punishment by fine or imprisonment for the deprivation of certain Federal rights, privileges or immunities therein referred to, and it is clear that they have no application to the plaintiffs' present civil action for money damages. Copley v. Sweet, D.C., 133 F.Supp. 502, 505, 506, and authorities cited, affirmed 6 Cir., 234 F.2d 660.

lent conviction against the complainant herein named. * * *

"On the 19th day of October, 1953, aforesaid the defendants herein named did join together in a common design and enterprise 'did conspire together' to deny to this complainant, the equal protection of the laws of the State of Michigan, and of the United States, as are available to other persons accused of crime in the State courts of Michigan, by virtue of the said illegal and unlawful acts of the herein named defendants, as follows, to-wit:

"The here named defendants did conspire together by changing and/or substituting one gun for another and the false gun was used and exhibited in the judicial proceedings of the People's cause, and by the usage of said false evidence 'gun' complainant was convicted, sentenced, and is now undergoing grave damages and injustices of the due process and equal protection of the laws of the State of Michigan, and of the United States. The herein defendants committed perjury by stating they was shot and shot at by the complainants, contrary to the defendants' testimony, there wasn't any bullet holes in the establishment or the defendants, which this will be proven upon the hearing of this case and cause. This is exhibited as perjury on the willful part of the named defendants."

The defendants have filed a motion, in pursuance of Rule 12(b) as amended of the Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the action or, in the alternative, for a judgment of no cause of action under Rule 56(b). Their motion is based on the following grounds:

"1. The complaint filed in this cause fails to state a claim upon which relief can be granted.

"2. It affirmatively appears by the complaint filed in this cause that the defendants Lyle Jennings and Ethel Jennings, were individuals who appeared as witnesses in the trial of a criminal proceeding pending in the circuit court for the county of Cass, State of Michigan, and that said defendants were not acting under color of law in the performance or commission of the acts complained of.

"3. That under the allegations in the complaint, the plaintiffs do not allege a cause of action which confers jurisdiction in the Federal court over the subject matter complained of.

"4. That section 42 [43] of Title 8 of U.S.Code (now 42 U.S.C. § 1983 [42 U.S.C.A. § 1983]) under which plaintiffs seek recovery does not vest in plaintiffs a right of action under the facts alleged in the complaint.

"5. Because the complaint relative to an alleged conspiracy alleges mere conclusions and not sufficient facts from which a conspiracy could be inferred."

██ The defendants' motion to dismiss or, in the alternative, for a judgment of no cause of action presents only questions of law, and as the plaintiffs and defendants have submitted briefs in support of their respective contentions, the questions raised by the defendants' motion can be determined without oral argument or the presence of the plaintiffs and defendants in court. Copley v. Sweet, D.C., 133 F. Supp. 502, affirmed 6 Cir., 234 F.2d 660. In Hill v. United States, 6 Cir., 223 F.2d 699, 702, the court said:

"Since the only question presented by the motion was a legal one, and not factual, it was not necessary that the appellant be brought [from prison] to the District Court for a hearing." (Citing United States v. Hayman, 342

U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.)

See also Edgerly v. Kennelly, 7 Cir., 215 F.2d 420; Tatum v. United States, 9 Cir., 204 F.2d 324; Garcia v. United States, 9 Cir., 197 F.2d 687; United States v. Knight, D.C., 127 F.Supp. 269; United States v. Williams, D.C., 127 F. Supp. 420; United States ex rel. Caminito v. Murphy, D.C., 127 F.Supp. 689; United States ex rel. Peters v. Carson, D.C., 126 F.Supp. 137, 140.

■ It should be kept in mind that the plaintiffs base their present action for money damages on the Federal civil rights statutes and that those statutes give a right of civil action only for deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States. See Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Screws v. United States, 325 U.S. 91, 108, 65 S.Ct. 1031, 89 L.Ed. 1495; Snowden v. Hughes, 321 U.S. 1, 15, 64 S.Ct. 397, 88 L.Ed. 497; Ortega v. Ragen, 7 Cir., 216 F.2d 561; Francis v. Lyman, 1 Cir., 216 F.2d 583; Mueller v. Powell, 8 Cir., 203 F.2d 797; Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242, certiorari denied 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618; Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 707; Ginsburg v. Stern, D.C., 125 F.Supp. 596, affirmed 3 Cir., 225 F.2d 245; Gordon v. Garrson, D.C., 77 F.Supp. 477; 68 Harvard Law Review (May 1955) pp. 1229-1240. See also opinions of this court in Kenney v. Killian, 133 F.Supp. 571; Kenney v. Fox, 132 F.Supp. 305; and Kenney v. Hatfield, D.C., 132 F.Supp. 814, all affirmed 6 Cir., 232 F.2d 288.

■ Defendants Lyle and Ethel Jennings, who claimed that they were assaulted and robbed by the plaintiffs, merely acted as witnesses in the prosecution of the plaintiffs in their criminal trial before Judge Mosier in October, 1953, and in testifying as witnesses they were acting only as private citizens and not under color of any law. The law is well established that the Constitution and Federal laws do not afford protection against activities of private citizens not acting under color of law. In the case of Mueller v. Powell, 8 Cir., 203 F.2d 797, 800, the court said:

"As stated in Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, the problem is not whether state law has been violated but whether the inhabitant of a state has been deprived of a federal right by one who acts under color of any state law."

In Shemaitis v. Froemke, 7 Cir., 189 F.2d 963, the court said:

"It is settled beyond cavil that the act [civil rights] does not protect one from invasion of private rights by individual action and that, to present a valid cause of action under the section quoted, the plaintiff must show that the defendant acted or claimed to act under color of law. Logan v. U. S., 144 U.S. 263, 293, 12 S.Ct. 617, 36 L.Ed. 429; Hodges v. U. S., 203 U.S. 1, 14-20, 27 S.Ct. 6, 51 L.Ed. 65; Love v. Chandler, 8 Cir., 124 F.2d 785, 786-787; Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 706, certiorari denied, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101; California Oil & Gas Co. v. Miller, C.C., 96 F. 12, 22; Moffett v. Commerce Trust Co., D.C., 75 F.Supp. 303, 305-306, and D.C., 87 F.Supp. 438, 441."

In Charlton v. City of Hialeah, 5 Cir., 188 F.2d 421, at page 422, the court said:

"The Civil Rights statute, 8 U.S.C.A. § 43, has been held to extend only to cases where a 'person' acting under color of a statute, ordinance, regulation, custom, or usage, of a state or territory, deprives a citizen or other person of a right, privilege, or immunity secured by the Constitution and laws of the United States."

In Moffett v. Commerce Trust Co., supra, 8 Cir., 187 F.2d 242, at page 247, the court in dismissing the complaint in a civil action under the civil rights act, 8 U.S.C. § 43 et seq. (now 42 U.S.C.A. § 1983 et seq.), said in part:

"The Federal statutes which the plaintiff invokes 'were intended to provide for redress against State action and primarily that which discriminated against individuals within the jurisdiction of the United States. * * * The statutes, while they granted protection to persons from conspiracies to deprive them of the rights secured by the Constitution and laws of the United States * * * did not have the effect of taking into federal control the protection of private rights against invasion by individuals. * * * The protection of such rights and redress for such wrongs was left with the States.' Love v. Chandler, 8 Cir., 124 F.2d 785, 786, 787; Gregoire v. Biddle, 2 Cir., 177 F.2d 579, 581–582; Campo v. Niemeyer, 7 Cir., 182 F.2d 115, 118; Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 707."

In Bottone v. Lindsley, 10 Cir., 170 F.2d 705, at page 707, the court said:

"It is conceivable that persons, either individually or acting in concert might so use the state judicial process as to deprive a person of his property without due process of law, or of equal protection of the laws, yet we are certain that to make out a cause of action under the Civil Rights Statutes, the state court proceedings must have been a complete nullity, with a purpose to deprive a person of his property without due process of law. To hold otherwise would open the door wide to every aggrieved litigant in a state court proceedings, and set the federal courts up as an arbiter of the correctness of every state decision. 'The Fourteenth Amendment did not alter the basic relations between the States and the national government.' Screws v. United States, supra, 325 U.S. at page 109, 65 S.Ct. at page 1039, 89 L.Ed. 1495, 162 A.L.R. 1330. Nor does it 'assure uniformity of decisions or immunity from merely erroneous action * * *.' See Justice Frankfurter concurring in Snowden v. Hughes, 321 U.S. 1, 15, 64 S.Ct. 397, 404, 88 L.Ed. 497. See also Moyer v. Peabody, supra [212 U.S. 78, 29 S.Ct. 235, 53 L.Ed. 410]."

In Toledo v. Pueblo De Jemez, D.C., 119 F.Supp. 429, at pages 431, 432, the court said:

"For an action to succeed under the Civil Rights Statute which plaintiffs rely on, at least two conditions must exist. First, a person must be subjected to the deprivation of some right, privilege or immunity secured him by the Constitution and laws of the United States. Second, the action complained of must have been done under the color of a statute, ordinance, regulation, custom or usage of a state or territory."

In Whittington v. Johnston, D.C., 102 F.Supp. 352, at page 353, affirmed 5 Cir., 201 F.2d 810, the court said:

"This court is of the opinion that there are no provisions in the federal constitution establishing a right in favor of persons not to be deprived of liberty on false or malicious testimony in state courts by private individuals, where procedural due process has been conformed with, and where the alleged misconduct on the part of the private individual is punishable under the laws of the state, and are also civilly actionable.

"The right alleged to have been violated is not a right secured by

the United States Constitution and the Amendments thereto."

In Grubbs v. Slater, D.C., 144 F. Supp. 554 (see also D.C., 133 F.Supp. 110), the plaintiff asked for money damages for violation of his civil rights under 42 U.S.C.A. §§ 1983, 1985, and 1986. In granting the defendants' motion to dismiss as to certain individuals and newspaper corporations, the court held that the Constitution and Federal laws did not afford protection against activities of private citizens not acting under color of law. See also Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138; United States v. Williams, 341 U.S. 70, 71 S.Ct. 581, 95 L.Ed. 758; Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253; Snowden v. Hughes, 321 U.S. 1, 64 S. Ct. 397, 88 L.Ed. 497; Watkins v. Oaklawn Jockey Club, 8 Cir., 183 F.2d 440; Gordon v. Garrson, D.C., 77 F.Supp. 477.

The court concludes as follows: (1) That the plaintiffs' present action against the defendants is merely an attempt to relitigate the issue as to their guilt of the crime of assault and robbery while armed; (2) that the defendants in testifying against the plaintiffs were acting as private citizens and not under color of any law or in any official capacity; (3) that the Federal civil rights statutes, upon which plaintiffs base their action for money damages, do not afford protection against activities of private citizens not acting under color of law; and (4) that the plaintiffs' complaint does not state a claim against the defendants upon which relief could be granted.

For the reasons herein stated the defendants' motion to dismiss the plaintiffs' complaint and action is granted and an order of dismissal will accordingly be entered. In view of the court's granting of defendants' motion to dismiss this action, it is not necessary to consider plaintiffs' motions for discovery and production of documents and records.