Robert William CRAWFORD, Plaintiff,

v.

Lt. D(enzil) LYDICK and Lt. Woodrow W. Zeitler, Toledo, Ohio, Police Dept.; Landon E. Hall, Clerk of the Municipal Court of Toledo, Ohio; Charles Conner of the Kalamazoo, Michigan, Sheriff's Dept.; Richard Fuhrman, James Morrison, and Riley Stewart, Kalamazoo, Michigan, Police Dept.; Clark M. Olmsted, Municipal Court Judge, Kalamazoo, Michigan; Lucien F. Sweet, Circuit Judge, Kalamazoo County, Michigan, Defendants.

Civ. A. No. 3648.

United States District Court
W. D. Michigan, S. D.

Dec. 2, 1959.

Robert William Crawford, in pro. per.

John M. Pikkaart, Kalamazoo, Mich., for Charles Conner.

Richard H. Paulson, Kalamazoo, Mich., for Lucien F. Sweet.

Morris & Culver and David Morris, Kalamazoo, for Richard Fuhrman, James Morrison, Riley Stewart, and Clark M. Olmsted.

William D. Driscoll, Asst. Dir. of Law, Toledo, Ohio, for Denzil Lydick, Woodrow W. Zeitler, and Landon E. Hall.

STARR, Chief Judge.

On May 27, 1959, the plaintiff Robert William Crawford, an inmate of the State prison of southern Michigan, began this civil action against the defendants for damages in the amount of $175,500, and he also asks for an unconditional release from prison. Plaintiff bases Federal-court jurisdiction on 28 U.S.C. §§ 1331, 1332, and 1343, and bases his right to damages on 42 U.S.C.A. §§ 1983, 1985, and 1986.

It appears that in April, 1957, upon complaint signed by defendant Stewart of the Kalamazoo, Michigan, police department, a warrant was issued by defendant Olmsted, judge of the municipal court of Kalamazoo, for plaintiff's arrest for the crime of robbery while armed; that upon request of the Kalamazoo police department plaintiff was arrested in Toledo, Ohio, by the defendant Toledo police officers and was later arraigned in the municipal court of Toledo under a warrant charging him with being a fugitive from Michigan. Upon his arraignment in the municipal court of Toledo, and in the presence of the municipal judge, plaintiff signed a waiver of extradition and a consent to his being delivered to the custody of police officers of the State of Michigan. This waiver reads as follows:

"The undersigned, Robert William Crawford, having been fully informed in open court on this 16th day of April, 1957, by the Hon. Parker Edwards, one of the judges of the Municipal Court of Toledo, Lucas

County, Ohio, of his rights to the issuance and service of a warrant of extradition as provided for in Section 2963.07 and to a writ of habeas corpus as provided for in Section 2963.09 of the Revised Code of Ohio, hereby expressly waives all of his rights as provided in Sections 2963.-07 and 2963.09 of the Revised Code and consents to his being delivered forthwith to the custody of the duly accredited agent or agents of the State of Michigan.

"Signed: Robert W. Crawford
"Signed in presence of:
"*John J. Burkhart, Police Pros.*
"J. Parker Edwards, Judge of the Municipal Court, Toledo, Lucas County, Ohio."

In pursuance of his waiver and consent plaintiff was delivered to defendants Conner, Fuhrman, and Morrison, Michigan police officers, who removed him to Kalamazoo county. It further appears that upon jury trial before defendant Lucien F. Sweet, judge of the circuit court of Kalamazoo county, the plaintiff was convicted of the crime of robbery while armed and was sentenced to a prison term of 15 to 25 years, which term he is now serving.

Plaintiff contends that his arrest in Toledo, Ohio, and his removal to the State of Michigan were illegal and that his jury trial, conviction, and sentence in Kalamazoo county were without jurisdiction or authority and were illegal. He also contends that the defendants conspired together to cause his arrest and removal to Michigan, and his conviction and sentence, and thereby deprived him of rights, privileges, and immunities guaranteed by the Constitution and laws of the United States.

The Ohio defendants, Lydick and Zeitler, officers of the Toledo police department, and Hall, clerk of the municipal court of Toledo, have moved to dismiss this action on the ground that as they were served with process in the State of Ohio, this court is without jurisdiction over them, and on the further ground that the complaint fails to state a claim upon which the relief sought against them could be granted.

Under Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C., and under the established law, process in this civil action for damages could not be served outside the territorial limits of the State of Michigan, in which this court is located. See Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777; United States v. Rippetoe, 4 Cir., 178 F.2d 735, 738; United States v. Krasnov, D.C., 109 F.Supp. 143; Tucker v. National Linen Service Corp., D.C., 92 F.Supp. 502, affirmed 5 Cir., 188 F.2d 265, certiorari denied 342 U.S. 828, 72 S.Ct. 53, 96 L.Ed. 627; Pasternack v. Dalo, D.C., 17 F.R.D. 420, 423; Century Indemnity Co. v. Dumas, D.C., 11 F.R.D. 589. Therefore, as process was served upon defendants Lydick, Zeitler, and Hall in the State of Ohio, it is clear that this court does not have jurisdiction of those defendants.

Furthermore, in view of the fact that they had received a warrant from Kalamazoo, Michigan, for plaintiff's arrest, and in view of his execution of the foregoing waiver, the Toledo police officers were justified in delivering him to the Michigan Police officers for removal to Kalamazoo county for trial. It is clear that defendants Lydick and Zeitler of the Toledo police department and defendant Hall, clerk of the Toledo municipal court, were acting in their official capacities and within the proper scope of their authority, and there is no showing that they acted improperly or with malice in connection with plaintiff's arrest and delivery to Michigan police officers. Plaintiff fails to allege any facts showing, or from which it could be inferred, that defendants Lydick, Zeitler, and Hall conspired together or with other defendants to deprive him of any rights, privileges or immunities secured to him by the Constitution and laws of the United States. Plaintiff fails to state a claim upon which the monetary relief sought could be granted against defendants Lydick, Zeitler, and Hall under the Federal civil-rights statutes hereinbefore cited. Therefore, the motion by said defendants

to dismiss this action as to them will be granted.

The court has jurisdiction of the Michigan defendants, who were served with process in this district. Defendants Conner, Fuhrman, Morrison, and Stewart are law-enforcement officers of the city of Kalamazoo and of Kalamazoo county; defendant Lucien F. Sweet is judge of the circuit court of Kalamazoo county, and defendant Clark M. Olmsted is judge of the municipal court of the city of Kalamazoo. Plaintiff contends that he was unlawfully kidnapped in Ohio and removed to Michigan by the defendant Michigan police officers and, therefore, that his trial, conviction, and sentence in Michigan were illegal. Plaintiff also contends that the defendants conspired together to cause his arrest, conviction, and sentence, and thereby deprived him of rights, privileges, and immunities secured to him by the Constitution and laws of the United States.

Defendants Sweet and Olmsted have both moved to dismiss this action against them on the ground that they were acting in their judicial capacities and within the scope of their judicial authority and are, therefore, immune from civil liability to plaintiff for damages, and on the further ground that plaintiff fails to state a claim upon which the relief sought could be granted. Defendants Conner, Fuhrman, Morrison, and Stewart have moved to dismiss this action against them on the ground that they were acting in good faith within the scope of their authority and their official duties as police officers and are, therefore, immune from liability for damages. They also move to dismiss on the further ground that the complaint does not state a claim upon which the relief sought could be granted.

It is clear that defendants Judge Sweet and Judge Olmsted were acting in their judicial capacities and within the scope of their authority, and they are therefore immune from civil liability to the plaintiff under the Federal civil-rights statutes. The doctrine of judicial immunity has not been abrogated or impaired by the civil-rights act. See

Kenney v. Fox, 6 Cir., 232 F.2d 288, and many authorities cited; Copley v. Sweet, D.C., 133 F.Supp. 502, affirmed 6 Cir., 234 F.2d 660. Therefore, the motions by defendants Sweet and Olmsted to dismiss this action as to them will be granted.

Plaintiff's contention that his jury trial, conviction, and sentence were illegal because of his allegedly unlawful arrest in Ohio and removal to Michigan is wholly without merit. In Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541, the court said:

"This Court has never departed from the rule announced in Ker v. People of State of Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

See also Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148; Strand v. Schmittroth, 9 Cir., 251 F.2d 590, 600.

Furthermore, plaintiff's bare and unsupported conclusion that the defendants conspired together to deprive him of due process of law and equal protection of the law, without specification of any particular facts upon which he bases his conclusion, is wholly without merit. He fails to allege any facts showing, or from which it could be inferred, that the defendants conspired together to deprive him of any rights, privileges or immunities secured to him by the Con-

stitution and laws of the United States. Plaintiff was convicted upon jury trial in which he was represented by competent counsel, and it appears that his motion for a new trial was denied. However, there is no showing that he applied to the Supreme Court of Michigan for leave to appeal from his conviction and sentence, although it has repeatedly been held that Michigan's process for reviewing judicial determinations in criminal cases is adequate. In Curtis v. Tower, 6 Cir., 262 F.2d 166, 167, the court said:

"As the case now stands in this court, there is a judgment of conviction and sentence upon a verdict of a duly impaneled jury unimpeached by any adjudication in the courts of the State or in a District Court of the United States. Michigan's corrective process for reviewing judicial determinations in criminal cases is adequate. Whalen v. Frisbie, 6 Cir., 185 F.2d 607; Mahler v. Frisbie, 6 Cir., 193 F.2d 319, and Mulvey v. Jacques, 6 Cir., 199 F.2d 300. Michigan law also permits a convicted defendant in a criminal case to file a delayed application for leave to appeal without limitation of time. People v. Hurwich, 259 Mich. 361, 243 N.W. 230; People v. Burnstein, 261 Mich. 534, 246 N.W. 217."

In Curry v. Ragan, 5 Cir., 257 F.2d 449, 450, certiorari denied 358 U.S. 851, 79 S.Ct. 78, 3 L.Ed.2d 85, the court said:

"Neither the Fourteenth Amendment nor the Civil Rights Acts purport to secure a person against unfounded or even malicious claims or suits in state courts, especially so when the laws and courts of the state are available and furnish adequate remedies to a person aggrieved."

It is clear that plaintiff's complaint does not state a claim upon which the monetary relief sought could be granted against the Michigan defendants. In Blackmon v. Wagener, 6 Cir., 253 F.2d 10, the court said:

"This is an appeal from the district court's dismissal of a civil action for money damages. In 1956 the appellant was convicted of a criminal offense in a Michigan court after a jury trial in which he was represented by counsel. He was sentenced to the Michigan State Prison, where he is now an inmate.

"He filed the present action against the Michigan judge who presided at his trial, the prosecuting attorneys, his own lawyers, three individuals who testified against him, and six police officers, alleging that they had deprived him of rights guaranteed by the Constitution.

"The district court was not in error in dismissing the complaint. Certain of the defendants were immune from liability. Kenney v. Fox, 6 Cir., 1956, 232 F.2d 288. As to others, the jury's verdict in the state criminal trial resolved any conceivable issues against the appellant. And as to none of the defendants named did the complaint state a claim upon which relief could be granted. Thompson v. Heither, 6 Cir., 1956, 235 F.2d 176; Rule 12, Fed.R.Civ.P., 28 U.S.C.A."

In the case of Dunn v. Estes, D.C., 117 F.Supp. 146, 147, 148, the court said:

"In Kendall v. Stokes, 3 How. 87, 44 U.S. 87, 97, at page 98, 11 L.Ed. 506, * * * the court stated: 'But a public officer is not liable to an action if he falls into error in a case where the act to be done is not merely a ministerial one, but is one in relation to which it is his duty to exercise judgment and discretion; even although an individual may suffer by his mistake. * * *

"Judge Miller in Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 137–138, 118 A.L.R. 1440, sets out the policy in a clear fashion: * * * 'If the act complained of was done within the scope of the officer's duties as defined by law, the policy of the law is that he shall not be subjected to the harassment of civil litigation or be liable for civil damages because of a mistake of fact occur-

ring in the exercise of his judgment or discretion, or because of an erroneous construction and application of the law.'"

See also Kenney v. Fox, 6 Cir., 232 F.2d 288; Cuiksa v. City of Mansfield, 6 Cir., 250 F.2d 700, certiorari denied 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 813; Thompson v. Heither, 6 Cir., 235 F.2d 176.

In his brief plaintiff cites and relies upon Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240, and McShane v. Moldovan, 6 Cir., 172 F.2d 1016. However, those authorities have been overruled and have no application in the present action. See Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Kenney v. Fox, 6 Cir., 232 F.2d 288; Ginsburg v. Stern, 3 Cir., 225 F.2d 245; Cawley v. Warren, 7 Cir., 216 F.2d 74; Francis v. Crafts, 1 Cir., 203 F.2d 809. In support of his claim for damages plaintiff also cites and relies upon Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939. However, the only question involved in that case was whether the Federal district court had jurisdiction of plaintiff's action for damages. The merits of the plaintiff's claims were not considered.

■ In his complaint plaintiff alleges that a newspaper published in the city of Kalamazoo, Michigan, conspired with Kalamazoo city police and the Kalamazoo county sheriff's department to ruin his reputation by printing a photograph of him· and also printing false, malicious, slanderous, and abusive statements about him and thereby deprived him of a fair and just trial. The bare and unsupported conclusion of a conspiracy between police officers and the Kalamazoo newspaper, without specification of any particular facts upon which he bases his conclusion, is wholly without merit. Furthermore, the Kalamazoo newspaper is not made a party to this action.

■ Plaintiff, an inmate of the State prison, has requested that an order be entered for his presence in court when the motions filed by the several defendants to dismiss this action are heard. However, it is clear that the defendants' motions to dismiss present only questions of law, and as the plaintiff and defendants have submitted briefs in support of their respective contentions, the questions raised by the defendants' motions can be determined without oral argument or the plaintiff's presence in court. In Hill v. United States, 6 Cir., 223 F.2d 699, 702, the court said: "Since the only question presented by the motion was a legal one, and not factual, it was not necessary that the appellant be brought [from prison] to the District Court for a hearing."

In United States ex rel. Peters v. Carson, D.C., 126 F.Supp. 137, the plaintiff, who was confined in a Pennsylvania State prison, began an action for damages against the judge of a State court. In granting the defendant's motion to dismiss the court said, 126 F.Supp. at page 140: "No useful purpose could be gained by having plaintiff present, he being confined to the custody of the state authorities, since the issues posed evolve entirely on a question of law."

See also Edgerly v. Kennelly, 7 Cir., 215 F.2d 420; Tatum v. United States, 9 Cir., 204 F.2d 324; Garcia v. United States, 9 Cir., 197 F.2d 687; United States v. Knight, D.C., 127 F.Supp. 269; United States v. Williams, D.C., 127 F.Supp. 420; United States ex rel. Caminito v. Murphy, D.C., 127 F.Supp. 689.

For the reasons herein stated the court concludes as follows:

1. That the motion by Ohio defendants Lydick, Zeitler, and Hall to dismiss this action as to them is granted and an order will be entered accordingly.

2. That defendants Judge Lucien F. Sweet and Judge Clark M. Olmsted were acting in their judicial capacities and within the scope of their authorities and are immune from civil liability to the plaintiff under the Federal civil-rights statutes. Therefore, their motions to dismiss this action as to them are granted and an order will be entered accordingly.

3. That the plaintiff's complaint fails to allege facts from which it could be held or inferred that the defendants con-

spired together to deprive him of rights, privileges or immunities secured to him by the Constitution and laws of the United States.

4. That the plaintiff's complaint fails to state a claim upon which the monetary relief sought could be granted against any of the defendants under the Federal civil-rights statutes.

5. That the motions of defendants Conner, Fuhrman, Morrison, and Stewart to dismiss this action as to them are granted, and an order will be entered accordingly.

6. That in this civil action for money damages the court cannot consider plaintiff's request that he be unconditionally released from prison.

In view of the court's foregoing conclusions, other claims and contentions by the plaintiff do not require consideration.