348 F.2d 1021
 Thornton SMITH, Jr., Plaintiff-Appellant,
v.
Buford ELLINGTON, Edward E. Davis, James E. Turner, John
Patterson, JamesWoodroof, E. E. Taylor and wife,
Mrs. E. E. Taylor, MacDonald Gallion,
andBernard F. Sykes,
Defendants-Appellees.
 No. 16097.
 United States Court of Appeals Sixth Circuit.
 July 30, 1965.
 
 James S. Hyde, Jr., Chattanooga, Tenn., Wilkerson & Hyde, Manly A. Watson, Chattanooga, Tenn., on brief, for appellant.
 John C. Curtis, Chattanooga, Tenn., for Edward E. Davis.
 Hugh P. Garner, Chattanooga, Tenn., for James E. Turner, Morgan & Garner, Chattanooga, Tenn., on briefs.
 E. Blake Moore, Chattanooga, Tenn., for Buford Ellington, W. D. Spears, Jack Wilson, Chattanooga, Tenn., on briefs.
 Robert P. Bradley, Asst. Atty. Gen., Montgomery, Ala., for John Patterson and James Woodroof, and others, Richmond M. Flowers, Atty. Gen., Montgomery, Ala., on briefs.
 Josiah Baker, Chattanooga, Tenn., for E. E. Taylor and wife, Goins, Gammon, Baker & Robinson, Chattanooga, Tenn., on briefs.
 Before WEICK, Chief Judge, and MILLER and CECIL, Circuit Judges.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 The plaintiff, Thornton Smith, Jr., brought this action in the United States District Court for the Eastern District of Tennessee against the defendants, hereinafter named, to recover damages in the amount of $150,000.00 plus an additional $150,000.00 as punitive damages, for alleged violations of the Civil Rights Act, Section 1983, Title 42, United States Code. Subsequent amendments to the complaint alleged malicious prosecution, false arrest and false imprisonment.
 
 
 2
 A summary of the factual background is as follows. Plaintiff, who was in the state of Tennessee, was indicted in the state court of Alabama for armed robbery. Plaintiff was arrested in Tennessee. The defendant, John Patterson, Governor of Alabama, was requested by the defendant, James Woodroof, County Solicitor of Limestone County, Alabama, to request of the defendant Buford Ellington, Governor of Tennessee, extradition of the plaintiff in order that he be returned to Alabama to stand trial for the offenses for which he was charged. Upon receipt of the extradition papers, Governor Ellington referred them to the office of the Attorney General of Tennessee for approval as to legality. Subsequent to his arrest the plaintiff asked for and was granted a habeas corpus hearing in the state court in Chattanooga, Tennessee. The defendant Edward E. Davis, District Attorney General for the Sixth Judicial Circuit of Tennessee, defended this proceeding in the course of his official duties. The state court denied the writ of habeas corpus. Upon the approval of the legality of the requisition papers by the office of the Attorney General of Tennessee, the defendant Ellington, in his official capacity as Governor of Tennessee, granted extradition. The plaintiff was transferred from Tennessee to Alabama to stand trial. Some time later the charge in Alabama against him was dismissed.
 
 
 3
 Thereafter, plaintiff filed this action in the United States District Court for the Eastern District of Tennessee against Patterson, Woodroof, Ellington, Davis, and the following additional defendants, Mr. and Mrs. E. E. Taylor, residents of Limestone County, Alabama, who were the prosecuting witnesses in the case, James E. (Bookie) Turner, Sheriff of Hamilton County, Tennessee, who held plaintiff in custody after his arrest in Tennessee, MacDonald Gallion, Attorney General for the state of Alabama, and Bernard F. Sykes, Assistant Attorney General for the state of Alabama. In general, the complaint alleged that the Governor of Tennessee erred in granting extradition ex parte and without proper investigation as to whether the plaintiff was a fugitive from the state of Alabama, and that the plaintiff was illegally kept in jails in Tennessee and Alabama from July 19, 1962, to January 5, 1963, under excessive and exorbitant demand for a $10,000.00 bond for a capital crime which the defendants knew or should have known that plaintiff did not or could not have committed, all of which constituted an illegal deprivation of his rights, privileges and immunities, contrary to the provisions of Section 1983, Title 42, United States Code.
 
 
 4
 Each of the defendants filed a motion to dismiss or a motion for summary judgment, supported by affidavits. The plaintiff sought to respond to each of these motions with either a motion to strike or a motion to quash each defendant's motion. In addition, the plaintiff filed a motion for summary judgment with respect to each defendant. The plaintiff filed no counter-affidavits.
 
 
 5
 The District Judge denied the motions of the plaintiff, sustained the motions of the defendants Ellington, Davis and Turner for summary judgment, and dismissed the cause as to each of them on the merits. He sustained the motions of the defendants Patterson, Woodroof, Mr. and Mrs. E. E. Taylor, Gallion and Sykes to dismiss the action as to them for lack of jurisdiction and entered an order to that effect. This appeal followed.
 
 
 6
 The defendants Patterson, Woodroof, Gallion, Sykes and Mr. and Mrs. E. E. Taylor were residents of Alabama and were nonresidents of Tennessee. Patterson, Woodroof and Mr. and Mrs. E. E. Taylor were served in Alabama with copies of the summons and complaint by registered mail, through the Secretary of State of Tennessee. There was no personal service upon them in either Tennessee or Alabama. Gallion and Sykes were served with copies of the summons and complaint in Montgomery, Alabama, by deputy United States Marshals. There was no personal service in Tennessee upon any of the nonresident defendants.
 
 
 7
 We agree with the ruling of the District Judge that there was no valid service of process against the nonresident defendants and that jurisdiction over them was lacking.
 
 
 8
 We are referred by appellant to no authority for the service of process on the nonresident defendants in either of the ways used by the appellant. Rule 4(f), Rules of Civil Procedure, provides that unless authorized by a statute of the United States or by the Rules of Civil Procedure service of process other than a subpoena is limited to the territorial limits of the state in which the district court is held. Reiter v. Illinois Nat. Cas. Co., 213 F.2d 946, 949-950, C.A. 7th; First Flight Company v. National Carloading Corp., 209 F.Supp. 730, 739, E.D.Tenn.
 
 
 9
 Although Rule 4(d)(1), Rules of Civil Procedure, provides for service of process within the state by delivering a copy of the summons and of the complaint 'to an agent authorized by appointment or by law to receive service of process', there is nothing before us to show that the Secretary of State of Tennessee, upon whom process was served, was such an agent of the defendants, Patterson, Woodroof, or Mr. or Mrs. E. E. Taylor.
 
 
 10
 Section 1343, Title 28, United States Code, which confers original jurisdiction upon the District Courts in certain civil rights actions, deals with jurisdiction of the subject matter of the litigation, not with personal jurisdiction over the defendants. Crawford v. Lydick, 179 F.Supp. 211, 213, W.D.Mich., affirmed, 280 F.2d 426, C.A. 6th, cert. denied, 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72.
 
 
 11
 The District Court had jurisdiction over the defendants who were personally served with process in the state of Tennessee. Without considering the question whether the principle of judicial immunity is broad enough to include those officials, Kenney v. Fox, 232 F.2d 288, C.A. 6th, cert. denied, Kenney v. Killian, 352 U.S. 855, 856, 77 S.Ct. 84, 1 L.Ed.2d 66; Cuiksa v. City of Mansfield, 250 F.2d 700, C.A. 6th, cert. denied, 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 813; Crawford v. Lydick, supra, 179 F.Supp. 211, W.D.Mich., affirmed, 280 F.2d 426, C.A. 6th, cert. denied,364 U.S. 849, 81 S.Ct. 93, it appears from the facts as developed by the uncontradicted affidavits filed by the defendants in support of their motions for summary judgment, that these defendants acted in the performance of their official duties in accordance with the provisions of the statutes of Tennessee. The subsequent dismissal of the case against the plaintiff in Alabama does not furnish the plaintiff with a cause of action against them. We know of no rule of law as contended for by the plaintiff, which requires the Governor in extradition proceedings or the Sheriff in holding in custody one legally delivered to him for that purpose to make a determination of the guilt or innocence of the accused.
 
 
 12
 The judgment is affirmed.