863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rocky Edward GRIGSBY, Plaintiff-Appellant,
v.
James F. KEESLING, Kingsport City Chief of Police; Defendant-Appellee,
Joseph Miller, Officer, Defendant.
 No. 88-5820.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1988.
 
 Before KENNEDY, RALPH B. GUY Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals an order of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. He now moves for the appointment of counsel. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, Rocky Edward Grigsby, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of Tennessee. In support of his claim for both injunctive relief and monetary damages, plaintiff alleged that defendants, both of whom were officers of the Kingsport, Tennessee police force, had arrested and then transported him to the State of Virginia without first affording him the procedures normally provided individuals facing extradition to another jurisdiction. Defendants responded to the complaint by filing a motion for summary judgment. Upon the recommendation of a magistrate, the district court granted defendants' motion and dismissed the complaint. This appeal followed.
 
 
 3
 A district court may properly grant a motion for summary judgment if it, drawing all inferences in favor of the non-moving party, can conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Both those conditions have been satisfied in the present case as the record demonstrates that the parties are in agreement as to the circumstances underlying plaintiff's arrest in Tennessee and his subsequent transfer to Virginia. Moreover, the record discloses no dispute that plaintiff had previously executed a waiver of his right to contest extradition to that jurisdiction in the future. As the validity of such agreements is well established, plaintiff can not base a case of action upon 42 U.S.C. Sec. 1983 based upon defendants' alleged failure to follow normal procedures to effect his extradition to Virginia. Pierson v. Grant, 527 F.2d 161, 164 (8th Cir.1975); Crawford v. Lydick, 280 F.2d 426 (6th Cir.) (per curiam) (summarily affirming district court opinion reported at 179 F.Supp. 211), cert. denied, 364 U.S. 849 (1960). Defendants are therefore entitled to judgment as a matter of law.
 
 
 4
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's final order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.