Herbert L. **WOODS**

v.

**James C. CRUMLISH, Raymond Malone
and John Doe.**

Civ. A. No. 41346.

United States District Court
E. D. Pennsylvania.

Oct. 17, 1966.

Herbert L. Woods, pro se.

No appearance for defendants.

MEMORANDUM AND ORDER

HIGGINBOTHAM, District Judge.

Plaintiff, Herbert L. Woods, requests leave to proceed in forma pauperis, pursuant to 28 U.S.C.A. § 1915 (1948).[1] His complaint is brought under the Civil Rights Act, 42 U.S.C.A. § 1983 (1871),[2] seeking damages from defendants James C. Crumlish, then District Attorney of the City of Philadelphia; Raymond Malone, then Magistrate of the City of Philadelphia, sitting at Girard and Montgomery Avenues, and John Doe, then Assistant District Attorney of the City of Philadelphia, on duty at Girard and Montgomery Avenues.

The Court of Appeals of this Circuit, sitting *en banc*, reversing its previous holding in Picking v. Pennsylvania R. R. Co., 151 F.2d 240, 250–251 (3rd Cir., 1945), recently held that " * * * the traditional concept of judicial immunity remained undisturbed by the enactment of the Civil Rights Act * * * " Bauers v. Heisel, No. 15277, 361 F.2d 581, 588 (3rd Cir., May 19, 1966), *en banc*, and that immunity from suit attaches to prosecutors as well as to judges because of the judicial nature of the office, id. at 589–591. Viewing the complaint in the light most favorable to the plaintiff, we find no allegation of " * * * acts which [were] done clearly outside the jurisdiction of the office." Bauers, supra, at 591. Thus since plaintiff's claim does not constitute a meritorious cause of action,[3] his petition for leave to proceed in forma pauperis is hereby denied.[4]

1. 62 Stat. 954, as amended 63 Stat. 104 (1949), as amended 65 Stat. 727 (1951), as amended 73 Stat. 590 (1959).

2. R.S. § 1979.

3. See Bauers v. Heisel, No. 15277, 361 F.2d 581 (3rd Cir., May 19, 1966), en banc, (prosecuting attorney); Woodruff v. City and County of Philadelphia, 38 F.R.D. 468 (E.D.Pa., 1965) (judge and magistrate); Pierson v. Ray, 352 F.2d 213 (5 Cir., 1965) (police justice); Smith v. Dougherty, 286 F.2d 777 (7 Cir., 1961) (judge, state's attorney and assistant state's attorney) and Tate v. Arnold, 223 F.2d 782 (8 Cir., 1955) (justice of the peace).

4. Of course my denial of leave to proceed in forma pauperis is not an adjudication on the merits of the complaint.