Calvin C. CAMPBELL, Petitioner,

v.

W. E. SMITH, Sheriff of Camden County, State of Georgia, et al.,
Respondent.

Civ. A. No. 937.

United States District Court
S. D. Georgia,
Brunswick Division.
Jan. 15, 1970.

Alan B. Smith, Brunswick, Ga., for petitioner.

Robert W. Harrison, Jr., St. Marys, Ga., for respondent.

## ORDER

LAWRENCE, Chief Judge.

Petitioner is presently an inmate in the Florida State Correctional Institution at Raiford, Florida, where he is presently awaiting execution for the offense of murder. He has filed here what appears to be a hybrid complaint pursuant to Title 42 § 1983 and Title 28 § 2241 U.S.C. Petitioner alleges that prior to his trial by the State of Florida he was extradited from Camden County, Georgia, to Florida without a hearing and that such unconstitutional extradition proceeding constitutes a denial of his Fourteenth Amendment due process rights rendering his Florida conviction void. Petitioner also alleges that there is presently pending against him in Camden County, Georgia, an indictment for the offense of robbery and that he has not been tried for such offense and is therefore being deprived of his right to a speedy trial in derogation of the Sixth Amendment. Petitioner alleges that he has made various demands upon the Camden County authorities for trial beginning in May of 1967 and that such requests have not been honored. Petitioner prays that he be returned to the State of Georgia, Camden County, and tried for the offense charged.

■ As to petitioner's first contention, an extradition proceeding is ordinarily designed to determine whether or not there is probable cause to transfer a criminal suspect from one jurisdiction to another for trial. A trial and conviction in the receiving jurisdiction subsequent to a defective extradition proceeding probably cures any defect in that proceeding since such conviction is a determination of guilt and shows probable cause for extradition. That question, however, bears upon the legality of the Florida conviction and cannot be tested in this Court. I do not rule upon the extradition issue.

■ As to petitioner's contention regarding his right to a speedy trial, it is apparent from the records on file in this case that he has in fact made an adequate demand upon the State for same. He has submitted copies of two requests for trial filed with the Superior Court of Camden County on May 9, 1967 and on June 22, 1967. He has also submitted letters acknowledging attempts to file similar documents with the Georgia Supreme Court on November 3, 1967 and with the Executive Department in Atlanta on January 9, 1968. I find that petitioner has made satisfactory demand for trial within the meaning of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607. The State of Georgia has a duty to make a diligent, "good faith" effort to bring petitioner to trial and the State of Florida has a concomitant duty to make petitioner available for trial in the event that Georgia decides to so proceed. See May v. State of Georgia, 5 Cir., 409 F.2d 203.

For the foregoing reasons, it is ordered that the State of Georgia try petitioner for the offense for which he has been indicted within the next two criminal jury terms in Camden County or, in the alternative, dismiss the indictment pending against him.

It is ordered that the Camden County authorities notify this Court within thirty (30) days of its decision in this regard.

It is further ordered that the Clerk serve copies of this Order on all parties and mark the case closed, subject of course, to its being opened upon a showing by petitioner that the terms of this Order have not been complied with.