Joseph Demarion JOHNSON, Plaintiff,

v.

Detective Gene BUIE, Detective Stockdale, Kansas City Police Department, Kansas City, Missouri, Defendants.

Civ. A. No. 18224-3.

United States District Court,
W. D. Missouri, W. D.

April 9, 1970.

As Amended April 10, 1970.

**1350**

Joseph Demarion Johnson, pro se.

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING "PETITION FOR RECOVERY OF DAMAGES" FOR FAILURE TO STATE A CLAIM UNDER THE FEDERAL CIVIL RIGHTS ACT

BECKER, Chief Judge.

Plaintiff, a state convict confined in the Missouri State Penitentiary, has submitted in this Court his "petition for recovery of damages" in which he invokes federal jurisdiction under Sections 1983 and 1985 of Title 42, United States Code, the Federal Civil Rights Act, and Section 1343 of the same title. Plaintiff states that he is unable to pay the costs of filing his "petition" or to give security therefor in a proper affidavit. Plaintiff will therefore be granted leave to proceed in forma pauperis.

Petitioner states that he was charged with first degree robbery in an indictment returned in Jackson County, Missouri, on January 30, 1968; that thereafter he was arrested in California in July 1968 and while awaiting extradition to Missouri, "the plaintiff and the California officials were notified that all charges against plaintiff had been dismissed and he was released from custody on July 29, 1968, without the State of Missouri making any effort whatsoever to extradite the plaintiff"; that "thereafter the plaintiff was being held by the Kansas State authorities in Topeka, Kansas, and that officers of Kansas City, Jackson County, Missouri, (Detective Buie and Detective Stockdale), came to the State of Kansas and forcibly removed him from the State of Kansas without proper extradition proceedings, without the consent of the plaintiff and without affording him an opportunity to be heard"; that "because of said action, the plaintiff was denied due process and equal protection of the law as guaranteed to him by the Fourteenth Amendment to the United States Constitution"; that "said officers, Detectives Gene Buie and Stockdale, defendants named herein, were acting under color of state law and in the capacity of detectives of the Kansas City Police Department, of Kansas City, Jackson County, Missouri, at the time this incident accrued" (sic); and that plaintiff "was convicted by a jury of robbery first degree, in the Circuit Court of Jackson County, Missouri, case No. C–37920, under date of September 18, 1969, and was subsequently sentenced to twenty-five years imprisonment therefor."

Plaintiff, however, cannot properly invoke federal jurisdiction in this case because he does not state the denial of any federally protected right within the meaning of the Federal Civil Rights Act. The federal constitutional provisions for extradition and the federal statutes implementing them are not intended primarily to safeguard the fugitive from justice, but rather to facilitate the discovery and bringing to speedy trial of fugitives from justice by the States. Article 4, § 2, U.S.Const.; Section 3182, Title 18, United States Code;

Smith v. State of Idaho (C.A.9) 373 F.2d 149, cert. den. 388 U.S. 919, 87 S.Ct. 2139, 18 L.Ed.2d 1364. It has been held that the rights granted under the federal provisions for extradition are granted to the states rather than to the fugitives who might be the subject of extradition. In Woods v. State, 264 Ala. 315, 87 So.2d 633, it was expressly held that, since the constitutional provision for interstate extradition of fugitives is not for the fugitive's benefit, an asylum state may require its governor to surrender a fugitive from another state thereto on terms less exacting than those imposed by § 3182 of Title 18 prescribing the procedure under the constitutional provision. See also United States ex rel. Simmons v. Lohman (C.A.7) 228 F.2d 824, in which it was held that the constitutional provision on extradition places no absolute limitation upon the power of the States to provide or arrange for the return of a person to a State from which such person is a fugitive from justice. Section 112 of Title 4, United States Code, has been held to authorize the making of agreements to extradite fugitives without any special procedural steps. While the fugitive may challenge the correctness of his proposed extradition by means of habeas corpus, the questions of fact which may properly be raised in that proceeding are severely limited. Smith v. State of Idaho, *supra.* The theory behind permitting the fugitive to petition for habeas corpus in the asylum state is that it is a method of challenging the legality of his detention there. Once the accused has been brought within the custody of the demanding state, the legality of the extradition is no longer a proper subject of any legal attack by him. Thus, in respect of Civil Rights actions, it has been held that one who has been convicted of the charged offense in the convicting state cannot maintain an action for damages under the Federal Civil Rights Act against those who allegedly forcibly abducted him from an asylum state. Crawford v. Lydick (W.D.Mich.) 179 F.Supp. 211, affirmed (C.A.6) 280 F.2d 426, cert. den. 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72. See also and compare Campbell v. Smith (S.D.Ga.) 308 F.Supp. 796. Further it has been held since Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed.2d 421, that a person forcibly abducted from one state without warrant or authority of law and placed in the demanding state's custody does not have a claim for release in habeas corpus. Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; Lascelles v. Georgia, 148 U.S. 537, 13 S.Ct. 687, 37 L.Ed. 549; In re Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L. Ed. 541; Farrant v. Bennett (C.A.8) 347 F.2d 390; United States v. Rosenberg (C.A.2) 195 F.2d 583; Johnson v. Matthews, 86 U.S.App.D.C. 376, 182 F.2d 677; Bullis v. Hocker (C.A.9) 409 F.2d 1380. In Frisbie v. Collins, *supra,* the United States Supreme Court held that:

"No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that *due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards.*" (Emphasis added.) 342 U.S. at 522, 72 S.Ct. at 511–512, 96 L.Ed. at 545.

Further, in Johnson v. Matthews, *supra,* 182 F.2d at 682, it is stated that "[a] fugitive has neither more nor less constitutional rights than has an incarcerated prisoner." It appears in the facts stated by petitioner in the case at bar that he has been convicted by the State of Missouri of the offense for which he was returned to Missouri. Petitioner does not state that his alleged abduction from Kansas prejudiced his trial, nor that he was not fairly apprised of the charges against him because of the actions of the defendants named herein. Even in cases where any rights of a fugitive might have been affected by allegedly defective extradition procedures, the action would appear in most cases to lie against the appropriate officers of the asylum state,

since the extradition procedures do not confer any substantive rights upon the fugitive. But see Smith v. Ellington (C.A.6) 348 F.2d 1021, where it was held that, even after a returned fugitive was found innocent in the demanding state, the officers of the asylum state were not liable since the state officials were not required to make a determination of guilt or innocence of the accused. In the case at bar, plaintiff was found guilty of the offense. In Picking v. Pennsylvania R. Co. (C.A.3) 151 F.2d 240, cert. den. 332 U.S. 776, 68 S.Ct. 38, 92 L.Ed. 361, reh. den. 332 U.S. 821, 68 S.Ct. 143, 92 L.Ed. 397, it was held that a civil rights claim was stated in the allegation that the Governor of a State denied plaintiffs of their liberty by arresting them under the extradition act without "due process." But in that case, it was alleged that the warrant was actually executed before it was issued and that it was based upon fraudulent grounds and that the defendant issued it "maliciously" with knowledge of the defects in the warrant issued by the demanding state.[1] That is unlike the case at bar, where plaintiff does not question the manner of his arrest. Rather, he asserts that his rights to due process and equal protection of the laws have been infringed distinctly under the federal constitutional and statutory provisions for extradition. All of the above authority does not confer upon a prisoner subject to extradition any rights distinct from those of any other arrestee. See Crawford v. Lydick, *supra*, where it was held that no claim of denial of due process was stated under the Federal Civil Rights Act by a plaintiff who alleged forcible abduction from the asylum state but who was later convicted by a jury trial in the demanding state. Thus, plaintiff may have an action under state law for false imprisonment by the defendants (see Johnson v. Scarborough (S.D.Tex.) 88 F.Supp. 523), but he does not allege diversity of citizenship to permit the action to be brought in this Court under the diversity statute, Section 1332, Title 28, U.S.C. Plaintiff has no claim under the Federal Civil Rights Act for the actions of these defendants. Their liability, if any, is under state law in an action for false imprisonment and possibly to the federal government for violating the extradition laws by perhaps kidnapping the plaintiff. Otherwise, where plaintiff has later been proved guilty of the crime (for which he was brought into the custody of Missouri) by procedures which accorded him due process and equal protection of the laws, plaintiff has been deprived of no federal constitutional or statutory right by the defendants named herein.

For the foregoing reasons, it is

Ordered that plaintiff be, and he is hereby, granted leave to proceed in forma pauperis. It is further

---

1. Further in Picking v. Pa. R. Co. (M.D. Pa.) 66 F.Supp. 233, affirmed (C.A. 3) 160 F.2d 106, cert. den. 332 U.S. 776, 68 S.Ct. 38, 92 L.Ed. 361, the claim was dismissed against the railroad company which was alleged to have carried plaintiffs back to the demanding state as part of a conspiracy with the other defendants. This is in accordance with the rule that "the regularity of extradition proceedings may be attacked only in the asylum state." 31 Am.Jur.2d Extradition § 74, p. 980, and emphasizes that the maintainable claim in *Picking* was for the manner of arrest and detention of the plaintiffs.

In *Picking*, it was also held that a magistrate who refused to give the plaintiffs a hearing upon their request might also be claimed against under the predecessor to the Civil Rights Act. But that precedent is distinguishable from the case at bar in that plaintiff in this case does not state that he had a habeas corpus petition or other request for hearing pending at the time of his alleged abduction from Kansas. Further, the *Picking* case, as it involves a claim against a judicial officer, has been expressly overruled by the Court which decided it and repeatedly questioned and repudiated by subsequent cases for its abrogation of the doctrine of judicial immunity. Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Bauers v. Heisel (C.A. 3) 361 F.2d 581; Cuiksa v. City of Mansfield (C.A. 6) 250 F.2d 700; Grubbs v. Slater (W.D.Ky.) 144 F.Supp. 554; Woods v. Crumlish (E.D.Pa.) 260 F. Supp. 473.

Ordered and adjudged that this cause be, and it is hereby, dismissed for failure to state a claim under the Federal Civil Rights Act.