**Herbert Quarles HINES, Plaintiff,**

**v.**

**E. D. GUTHREY and Lt. Roddenburg, Defendants.**

**Civ. A. No. 72-C-9-D.**

United States District Court,
W. D. Virginia,
Danville Division.

March 31, 1972.

Herbert Quarles Hines, pro se.

Andrew P. Miller, Atty. Gen. of Va., Richmond, Va., for defendants.

### MEMORANDUM OPINION AND ORDER

WIDENER, Chief Judge.

The plaintiff was convicted of grand larceny by the Corporation Court of the City of Norfolk, Virginia. As a result of that conviction, he was confined at Field Unit #15 at Chatham, Virginia. He escaped from Field Unit #15 and, while in an escaped status, was allegedly apprehended by the defendants in Caswell County, North Carolina and returned by the defendants to Chatham, Virginia. Defendants were, at the time of plaintiff's escape and recapture, officers of Field Unit #15.

Plaintiff has instituted this action under 42 U.S.C. § 1983, seeking damages

in the amount of $250,000.00 against the defendants. He contends that he is entitled to this relief because the " . . . Defendants failed to serve a warrant on Plaintiff and also failed to provide him extradition hearings." He asserts that as a result of his having been "kidnapped" by the defendants, he has been subjected to additional legal proceedings and additional confinement. Plaintiff obviously has reference to a conviction for the crime of escape. In Virginia, such escape from a penal institution constitutes a felony, punishable by up to five years' imprisonment. Va.Code § 53–291 (1967 Repl.Vol.).

■ Plaintiff has previously filed two other complaints against defendants Guthrey and Roddenburg, and all three complaints contain substantially the same allegations. The first of those complaints was dismissed without prejudice for failure to comply with a court order. The second such complaint, however, was dismissed upon its merits. An asserted basis for relief in both the second complaint and the present complaint is the defendants' alleged failure to procure a warrant before apprehending plaintiff. Consequently, this claim of the complaint is barred from further consideration under the doctrine of *res judicata*.

As the extradition claim was only inferentially raised in his prior complaint, plaintiff will be given the benefit of the doubt and that claim will be considered.

■ The constitutional provision for the interstate extradition of fugitives [1] and the federal statutes enacted thereunder were designed to benefit the states, not to benefit fugitives. Johnson v. Buie, 312 F.Supp. 1349, 1351 (W.D.Mo. 1970). In Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L. Ed. 193 (1917), the Supreme Court of the United States, speaking of the purpose of the interstate extradition provision of the Constitution, stated:

"The language was not used to express the law of extradition as usually prevailing among independent nations but to provide a summary executive proceeding by the use of which the closely associated states of the Union could promptly aid one another in bringing to trial persons accused of crime by preventing their finding in one state an asylum against the processes of justice of another. Lascelles v. Georgia, 148 U.S. 537, [13 S.Ct. 687, 37 L.Ed. 549]. Such a provision was necessary to prevent the very general requirement of the state Constitutions that persons accused of crime shall be tried in the county or district in which the crime shall have been committed from becoming a shield for the guilty rather than a defense for the innocent, which it was intended to be. Its design was and is, in effect, to eliminate, for this purpose, the boundaries of states, so that each may reach out and bring to speedy trial offenders against its laws from any part of the land.

"Such being the origin and purpose of these provisions of the Constitution and statutes, they have not been construed narrowly and technically by the courts as if they were penal laws, but liberally to effect their important purpose. . . ." 245 U.S. 128, 132–133, 38 S.Ct. 41, 42–43, 62 L.Ed. 193.

■ Consistent with the purpose of the extradition provisions, a state may constitutionally try a person within its jurisdiction who has been charged with a crime against its laws, even though that person was forcibly abducted from an asylum state, without a warrant and without extradition proceedings. Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L. Ed. 421 (1886); Frisbie v. Collins, 342

1. The Constitution, Art. IV, § 2, Cl. 2, provides: "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), rev'g. 189 F.2d 464 (6th Cir. 1951).

Similarly, it is the opinion of the court that the purpose of the federal extradition provisions requires the result that an escaped felon who is captured in another state, and removed to his home state for reconfinement and trial without extradition proceedings, may not maintain an action for damages under the Federal Civil Rights Act against those who allegedly forcibly removed him from another state without proper extradition proceedings. *Johnson, supra*; see also Crawford v. Lydick, 179 F.Supp. 211 (W.D.Mich.1959), aff'd. 280 F.2d 426 (6th Cir. 1960), cert. den. 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72 (1960).

It is accordingly adjudged and ordered that this complaint shall be, and the same hereby is, dismissed for failure to state a claim for which federal relief can be granted.