Melvin R. PIERSON, Plaintiff,

v.

Walter H. GRANT, Sheriff of Linn County, Cedar Rapids, Iowa, et al., Defendants.

No. 73–C–16–CR.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

April 25, 1973.

Melvin R. Pierson, pro se.

Raymond R. Stefani, Cedar Rapids, Iowa, John C. Danforth, Atty. Gen., and Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on the resisted motions to dismiss of defendants Orvill Turner and Turner's Deputy.[1]

This action under 42 U.S.C. § 1983 for damages for deprivation of civil rights arises out of defendants' alleged kidnapping of plaintiff from Iowa to Missouri and failure to properly extradite plain-

---

1. Since the filing of the complaint, plaintiff alleges he has learned that Turner's Deputy is Lt. Lortz, and has requested that Lt. Lortz be substituted as a defendant.

tiff. Plaintiff alleges that while on parole from the state of Missouri he was residing in Iowa and that during August 1971 he was arrested for a parole violation by Iowa authorities at the request of Missouri authorities and placed in the Linn County Jail pending a hearing on extradition. Plaintiff further contends that subsequently defendants took him to Missouri without complying with Iowa's extradition statutes, thereby violating his civil rights. Jurisdiction is based on 28 U.S.C. § 1343.

Defendants seek to dismiss plaintiff's complaint on several grounds: (1) improper service of process; (2) failure to state a claim upon which relief can be granted; and (3) plaintiff lacks the requisite capacity to sue.[2]

## SERVICE OF PROCESS

Since plaintiff is proceeding in forma pauperis, it is the obligation of the "officers of the court [to] issue and serve all process, and perform all duties . . ." in the case. 28 U.S.C. § 1915(c). Pursuant to this mandate, the United States District Court for the Southern District of Iowa served all of the defendants in this action by certified mail. Although this court was unable to find any authorization for service on the Missouri defendants in the manner attempted by our sister court, the Clerk of this Court is ordered to obtain service on the Missouri defendants pursuant to § 617.3 of the Iowa Code (1973), thereby eliminating this ground for dismissal.

## FAILURE TO STATE A CLAIM

Since plaintiff's complaint is to be liberally construed, defendants' motion should not be granted "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A Moore's Fed.Practice ¶12.08 at 2274–75 (1972).

The primary cases relied on by defendants, involving fact situations virtually identical with this case, hold that no action lies under 42 U.S.C. § 1983 for violations of extradition laws, on the ground that the federal constitutional and statutory provisions relating to extradition exist only for the benefit of the states and confer no rights on fugitives. See Hines v. Guthrey (Hines), 342 F.Supp. 594 (W.D.Va.1972); Johnson v. Buie (Johnson), 312 F.Supp. 1349 (W.D.Mo.1970). These cases further rely on the fact that an extradition violation does not provide a basis for attacking a subsequent conviction.

After reviewing the relevant constitutional and statutory provisions and the facts of this case, this court is unable to agree with the views expressed in *Johnson* and *Hines*. To say that extradition provisions exist only for the benefit of the states, is to ignore the clear procedural safeguards provided in most extradition statutes, including Iowa's. Under § 759.12 of the Iowa Code (1973), a person arrested pursuant to a demand from another state must be taken forthwith before a judge who must inform him of the demand made, the crime with which he is charged, his right to legal counsel, and that he has the right to test the legality of his arrest and apply for a writ of habeas corpus.

From this provision, and from the federal extradition provisions,[3] it appears that extradition is not merely a matter of comity between states but rather is also a means of granting protection to citizens of one state from

---

2. Although defendants also seek dismissal for improper venue, that issue has been mooted by transfer to this district since the alleged acts occurred in this district. *See* 28 U.S.C. § 1391(b).

3. 18 U.S.C. § 3182 has been construed to require a determination of "whether the demanded person has been substantially charged with a crime . . . and whether he is a fugitive from justice . . . that is, whether he was within the demanding state at the time of the alleged offense. . . ." Smith v. Idaho, 373 F.2d 149, 155 (9th Cir. 1967).

being arbitrarily taken to another state.[4] As stated in Smith v. Idaho, 373 F.2d 149, 155 (9th Cir. 1967), extradition "is a means of ascertaining whether the evidence is sufficient to detain and deliver the accused for trial in another state." Accordingly, this court is of the view that plaintiff has adequately stated a claim under the Civil Rights Act since the failure to comply with extradition provisions can deprive a person of his liberty without due process of law in violation of the Fourteenth Amendment.[5]

## CAPACITY TO SUE

Defendants also seek dismissal on the ground that plaintiff lacks the capacity to sue based on Rule 17(b), F.R.Civ.P. and Missouri's civil death statute.

■ Defendants' motion is not well taken. Despite Missouri's civil death statute, the Supreme Court has permitted Missouri state prisoners to maintain actions under the Civil Rights Act. *See* Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Similarly, the Fourth Circuit has recently held that 42 U.S.C. § 1983 prevails over the conflicting policy of Rule 17(b) F.R.C.P. and a state civil death statute. *See* Almond v. Kent, 459 F.2d 200, 202–203 (4th Cir. 1972). Accordingly, the court is of the view that plaintiff does not lack the capacity to sue under 42 U.S.C. § 1983.

## MOTION FOR SUBSTITUTION

Plaintiff seeks to substitute Lt. Lortz as defendant for Turner's Deputy in the complaint.

4. The reliance in *Johnson* and in *Hines* on Crawford v. Lydick, 179 F.Supp. 211 (W.D.Mich.1959), is misplaced. The holding in *Crawford* was not that a mere subsequent conviction bars any civil rights claim for extradition violations, but rather that the plaintiff had made only a "bare and unsupported conclusion . . . without specification of any particular facts upon which he bases his conclusion. . . ." Unlike in *Crawford*, plaintiff in the present case has stated his claim with sufficient particularity.

Plaintiff's motion is well taken and Lt. Lortz is substituted for Turner's Deputy as a party defendant.

It is therefore

Ordered

1. The Clerk shall forthwith prepare the summons and AO Form 285 and cause them to be forwarded to the Marshal for service pursuant to § 617.3 of the Iowa Code.

2. Defendants' motions are denied.

3. Plaintiff's motion for substitution is granted and Lt. Lortz is substituted for Turner's Deputy as a party defendant.

Additionally, this court specifically rejects the proposition that a subsequent conviction eliminates any objections as to extradition violations as they relate to a civil rights claim under 42 U.S.C. § 1983.

5. The fact that plaintiff was a parolee at the time of his arrest does not mean that he was without rights or could be deprived of his liberty without due process of law. *See* Morrissey v. Brewer, 408 U.S. 471, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).