**UNITED STATES of America ex rel. Jessie J. BRYANT, Petitioner,**

v.

**Milton SHAPP, Governor of Pennsylvania, et al., Respondents.**

**Civ. A. No. 76–333.**

United States District Court, D. Delaware.

Nov. 12, 1976.

Louis L. Redding, Wilmington, Del., and Cecil B. Moore and Stanford A. Hines, Philadelphia, Pa., for petitioner.

Francis A. Reardon, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for Sherman W. Tribbitt and John Webb, respondents.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

Jessie J. Bryant is detained without bail in the custody of the Delaware Division of

Adult Corrections pursuant to a commitment by the Superior Court, New Castle County, Delaware. The detention is based on an indictment by the New Castle County Grand Jury charging Bryant with murder in the first degree, burglary, possession of a deadly weapon during the commission of a felony, and three counts of conspiracy.

Before this Court is Bryant's petition requesting, *inter alia*, habeas corpus relief. This request is unlike most habeas requests since the petitioner is not attempting to gain post-conviction relief.[1] Instead, he seeks to challenge the constitutionality of his pre-trial detention in Delaware.[2] The challenge to his Delaware detention, however, stems not from any deficiencies in the aforementioned Delaware indictment but from alleged deficiencies in the Pennsylvania extradition procedure by which petitioner was removed from Pennsylvania and placed in the custody of Delaware authorities.[3] The gist of the petition is that because Judge Reed of the Pennsylvania Court of Common Pleas, who presided at the extradition hearing, refused to grant the request by petitioner's counsel to have the petitioner committed for the purpose of examination to determine whether or not he was competent to assist his counsel in the extradition proceedings, the petitioner has been denied his right to due process of law under the Fifth and Fourteenth Amendments, his right to the assistance of counsel and the right of confrontation under the Sixth Amendment. Petitioner also contends that his detention is in violation of the Eighth Amendment and, further, that all of the respondents conspired to deprive him of these constitutional rights.

Specifically, the petition seeks, in addition to the writ of habeas corpus: (1) a stay of the Delaware criminal prosecution, (2) release on bail pending determination of the petition, (3) mandamus directing Judge Reed to adjudicate the issue of petitioner's mental competency, and (4) an award of $5,000,000 damages from the named respondents.

## I. HABEAS CORPUS RELIEF

The request for a writ of habeas corpus will be denied. Since *Ker v. Illinois*[4] it has been consistently held that a state may constitutionally try a person within its jurisdiction who has been charged with a crime against its laws, even though that person was forcibly abducted, without warrant or extradition proceedings.[5] In *Frisbie v. Collins, supra*, the United States Supreme Court held that:

"No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards."[6]

In *United States of America ex rel. Huntt v. Russell*,[7] the lack of counsel at an extradition hearing was held not to constitute a violation of due process, or a violation of

1. *See, e. g., Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); 28 U.S.C. § 2254.

2. 28 U.S.C. § 2241 provides in part—
 (c) The writ of habeas corpus shall not extend to a prisoner unless—
 (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
 \* \* \* \* \* \*
 (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

3. *See, e. g., Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); *Giles v. Merrill*, 322 F.2d 786 (C.A.10, 1963).

4. 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886).

5. *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Pettibone v. Nichols*, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148 (1906); *In re Johnson*, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103 (1897); *Lascelles v. Georgia*, 148 U.S. 537, 13 S.Ct. 687, 37 L.Ed. 549 (1893); *Mahon v. Justice*, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283 (1888).

6. 342 U.S. at 522, 72 S.Ct. at 511.

7. 285 F.Supp. 765 (E.D.Pa.1968), *aff'd*, 406 F.2d 774 (C.A.3, 1969).

the right to counsel under the Sixth Amendment, which could be remedied on a petition for habeas corpus.[8] *Russell* is controlling authority in this circuit and district.[9] Accordingly, the claim that because Judge Reed allegedly refused to consider the issue of petitioner's mental competency at the extradition hearing denied him his due process of law, will not afford a basis for relief by way of habeas corpus.

Finally, while it is true that federal courts have the power to grant "pre-trial" habeas corpus relief,[10] it is equally true that there are countervailing considerations fundamental to our federal system which require a petitioner's claims of unconstitutional custody to first be tested by the state courts "where all pertinent testimony will be readily available and where suitable relief, if any is necessary, may be fashioned."[11] The doctrines of federalism and comity teach that a federal court should ordinarily abstain from granting pre-trial habeas relief, especially when to do otherwise would result in the "derailment of a pending state proceeding."[12] Clearly, in this case, the petitioner's efforts are designed to forestall a trial in the state court by attempting to prematurely litigate his constitutional defenses in a federal court. Moreover, the petitioner has not shown the "extraordinary circumstances" which have justified, in other pre-trial habeas corpus cases, the interposition of federal habeas relief in advance of the state criminal proceeding.[13] Nor does there appear to be any reason why the state courts should not hear his claims in the first instance and, of course, a federal court may not presume that the state courts will not afford the petitioner a fair hearing on his constitutional claims.

## II. STAY OF THE STATE CRIMINAL PROSECUTION

Because state courts can usually provide an adequate forum to litigate constitutional claims, federal injunctive relief against pending state criminal prosecutions are limited to those extraordinary circumstances in which there is an immediate threat of irreparable injury.[14] There has been no showing of a threat of irreparable injury in this case. Therefore, the request for a stay of the Delaware criminal prosecution will be denied.

## III. BAIL

The denial of the application for a writ of habeas corpus, *supra*, makes it unnecessary to consider petitioner's request for release on bail.

## IV. MANDAMUS

Judge Reed, who has not appeared, is beyond the territorial jurisdiction of this court. Thus, the element of the petition requesting the issuance of mandamus directing him to adjudicate petitioner's mental competency must be denied.

8. *See also Hunt v. Eyman*, 405 F.2d 384 (C.A.9, 1968), *cert. denied*, 394 U.S. 1020, 89 S.Ct. 1644, 23 L.Ed.2d 46 (1969); *Hines v. Guthrey*, 342 F.Supp. 594 (D.Va.1972); *Ball v. Swenson*, 335 F.Supp. 600 (D.Mo.1971).

9. *Cf. Moore v. DeYoung*, 515 F.2d 437 (C.A.3, 1975).

10. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Moore v. DeYoung*, 515 F.2d at 442–43.

11. *Sweeney v. Woodall*, 344 U.S. 86, 90, 73 S.Ct. 139, 97 L.Ed. 114 (1952); *Dye v. Johnson*, 338 U.S. 864, 70 S.Ct. 146, 94 L.Ed. 530 (1949); *Ex parte Hawk*, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944); *Whitten v. Tomlinson*, 160

U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406 (1895); *cf.* 28 U.S.C. § 2254.

12. *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. at 491, 93 S.Ct. 1123; *Moore v. DeYoung*, 515 F.2d at 445–46.

13. *See e. g., Braden v. 30th Judicial Circuit of Kentucky, supra; Frisbie v. Collins, supra; Drew v. Thaw*, 235 U.S. 432, 35 S.Ct. 137, 59 L.Ed. 302 (1914); *Reid v. Jones*, 187 U.S. 153, 23 S.Ct. 89, 47 L.Ed. 116 (1902); *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); *Moore v. DeYoung, supra.*

14. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

## V. DAMAGES

■ First, the non-appearing respondents, viz., Governor Shapp, Judge Reed, and Warden Frame, are residents and citizens of the State of Pennsylvania and as such are beyond the court's territorial jurisdiction.[15] Accordingly, as to them, the claim for money damages under 42 U.S.C. §§ 1983, 1985, cannot properly be asserted in this district and will be dismissed.[16]

■ Second, since it appears that one who has been improperly extradited from an asylum state cannot maintain an action for damages under the Federal Civil Rights Act against those who allegedly participated in the illegal extradition,[17] the damage claim against the Delaware respondents, viz., Governor Tribbitt and Captain Webb, will also be dismissed.

■ But even assuming that a civil rights claim could be brought against the Delaware respondents, the petition in this case merely contains a bare and unsupported conclusion that these respondents conspired together to deprive the petitioner of certain rights, privileges, or immunities secured to him by the Constitution and laws of the United States. Nowhere does the petitioner specify any particular facts upon which he bases this conclusion;[18] indeed, the petition fails even to allege any wrongdoing by one or more of the named Delaware respondents. Similarly, there is no contention that Judge Reed's extradition order was not based on a specific finding of the four narrow issues which are required for such an order, viz., (1) that the extradition papers are in proper order and are properly authenticated by the demanding state's executive authority, (2) that the charge, whether by indictment or affidavit, is adequate to support extradition, (3) that the petitioner is the person named in the extradition papers, and (4) that the petitioner was within the demanding state at the time of the alleged offense and is a fugitive from the demanding state's justice.[19]

Since the petition is devoid of any facts showing, or from which it could be inferred, that the Delaware respondents, either alone or in combination, deprived the petitioner of his constitutional rights, the claim for damages under 42 U.S.C. § 1983 or § 1985 will be dismissed.[20]

An order will be entered in accordance with this opinion.

---

15. *See* 28 U.S.C. § 2241(a); Rule 4(f), F.R. Civ.P.

16. *Smith v. Ellington*, 348 F.2d 1021 (C.A.6, 1965).

17. *Smith v. Ellington, supra; Hines v. Guthrey, supra; Johnson v. Buie*, 312 F.Supp. 1349 (D.Mo.1970); *Crawford v. Lydick*, 179 F.Supp. 211 (D.Mich.1959), aff'd, 280 F.2d 246 (C.A.6, 1960), *cert. denied*, 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72 (1960). *Contra, Sanders v. Conine*, 506 F.2d 530 (C.A.10, 1974); *Pierson v. Grant*, 357 F.Supp. 397 (D.Iowa 1973).

18. *See, e. g., Curtis v. Everette*, 489 F.2d 516 (C.A.3, 1973); *Esser v. Weller*, 467 F.2d 949 (C.A.3, 1972); *Fletcher v. Hook*, 446 F.2d 14 (C.A.3, 1971).

19. *Commonwealth ex rel. Houser v. Seip*, 385 Pa. 545, 124 A.2d 110 (1956). *See also United States ex rel. Esola v. Groomes*, 520 F.2d 830 (C.A.3, 1975).

20. *Curtis v. Everette, supra; Esser v. Weller, supra; Scott v. University of Delaware*, 385 F.Supp. 937 (D.Del.1974). Although the problem was not addressed by the parties involved, the Court notes that the principles of executive and judicial immunity would, under the circumstances presented here, likely protect all of the named respondents from liability under 42 U.S.C. §§ 1983, 1985. *Scheuer v. Rhodes*, 416 U.S. 232, 242–48, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Waits v. McGowan*, 516 F.2d 203 (C.A.3, 1975). However, the Court simply notes this problem parenthetically; it is not included as a ground for the ultimate resolution of this case.