**Arthur J. McBRIDE, Plaintiff-Appellant,**

v.

**Gary SOOS and Lamar Haney, Individually and as Elkhart County Policemen, Defendants-Appellees.**

**No. 77–1438.**

United States Court of Appeals,
Seventh Circuit.

Argued May 26, 1978.

Decided Feb. 22, 1979.

Stanley M. Cardenas, c/o Charles F. Crutchfield, Notre Dame, Ind., for plaintiff-appellant.

George E. Buckingham, Goshen, Ind., for defendants-appellees.

Before FAIRCHILD, Chief Judge, PELL, Circuit Judge, and HARPER, Senior District Judge.*

FAIRCHILD, Chief Judge.

This is an appeal from a judgment of the district court dismissing an action under 42 U.S.C. § 1983 brought by plaintiff-appellant Arthur J. McBride for failure to state a claim for which relief can be granted. For the reasons hereinafter stated, we reverse.

*BACKGROUND*

The facts of this case are straightforward and undisputed. On December 6, 1974,

plaintiff was arrested and jailed in Missouri. On December 10, 1974, plaintiff was charged by information with robbery in the Elkhart Superior Court, Elkhart, Indiana. On December 11, 1974, plaintiff was charged by indictment with first degree murder in the same Indiana court. On January 24, 1975, Gary Soos and Lamar Haney, defendants in this action, traveled from Elkhart County to Clayton, Missouri in order to return plaintiff to Elkhart County to face the above charges. Soos and Haney returned to Elkhart County with plaintiff on January 25, 1975 and placed him in the Elkhart County Security Center, Goshen, Indiana. Plaintiff was convicted of first degree murder on November 7, 1975, and is now serving a life sentence in the Michigan City Prison, Michigan City, Indiana.

Plaintiff then filed a *pro se* civil rights action under 42 U.S.C. § 1983 against Soos and Haney for allegedly taking plaintiff into custody and taking him to Indiana without complying with extradition procedures. The district court dismissed the complaint for failure to state a claim upon which relief could be granted. On appeal, plaintiff argues that it was error for the district court to dismiss the complaint. Plaintiff also asserts that the district court erred in dismissing the complaint without first ruling on his motion for appointment of counsel to prosecute the action on his behalf.[1] We agree with plaintiff that the district court should not have dismissed the complaint and therefore reverse.

I

To maintain a cause of action under § 1983, plaintiff must establish that Soos and Haney, acting under color of state law, deprived him of "any rights, privileges, or immunities secured by the Constitution and laws."[2] There is no question that Soos and

---

* The Honorable Roy W. Harper, United States District Judge for the Eastern and Western Districts of Missouri, is sitting by designation.

1. The validity of the conviction was not challenged by plaintiff in the district court, nor in this appeal.

2. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitu-

Haney were acting under color of state law. The crucial question in this case, therefore, is whether plaintiff possessed any rights, privileges, or immunities secured to him by the Constitution and the laws of the United States which were infringed by his removal from Missouri to Indiana by Soos and Haney without compliance with extradition proceedings.[3]

The obligation imposed on states to extradite fugitives from justice within its borders to the state from which he has fled upon proper demand from that state is rooted in the Constitution. Art. 4, § 2, cl. 2.[4] This constitutional provision is implemented by federal statute, 18 U.S.C. § 3182.[5] Before an individual can be extradited, the governor of the asylum state must determine: (1) whether the person demanded is substantially charged with a crime; and (2) whether the person demanded is a fugitive from justice from the state making the demand. The first inquiry is a question of law while the second is a question of fact. *E. g., Roberts v. Reilly,* 116 U.S. 80, 95, 6 S.Ct. 291, 29 L.Ed. 544 (1885); *Wirth v. Surles, supra* at 322; *United States v. O'Brien,* 138 F.2d 217, 218 (7th Cir. 1943); *United States v. Meyering,* 75 F.2d

716, 717 (7th Cir. 1935). These safeguards serve to protect the rights of the alleged fugitive. As this court has stated:

> The statute is one involving the substantial rights of citizens, and its essential elements must be strictly followed . . . Only by faithfully following the provisions of the statute may a person be lawfully deprived of his liberty and extradited from an asylum state to another state, there to be tried for the commission of a crime. The alleged fugitive has a right not to be imprisoned or dealt with by the states in disregard of those safeguards provided by the Constitution and statutes of the United States.

*United States v. Meyering, supra* at 717. (Citations omitted.) Failure to comply with procedural safeguards prior to extradition can be challenged in a *habeas corpus* proceeding. *Roberts v. Reilly, supra* 116 U.S. at 95, 6 S.Ct. 291; *Wirth v. Surles, supra* at 322.

In addition to procedural protections embodied in the Constitution and the federal statute, the laws of Missouri and Indiana also provide safeguards for alleged fugitives. Under Indiana law, Soos and Haney, as agents of the demanding state, were

---

tion and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**3.** The courts are split on whether a failure to comply with extradition procedures is actionable under § 1983. *Compare Wirth v. Surles,* 562 F.2d 319 (4th Cir. 1977); *Sanders v. Conine,* 506 F.2d 530 (10th Cir. 1974); and *Pierson v. Grant,* 357 F.Supp. 397 (N.D.Iowa 1973), *aff'd on other grounds,* 527 F.2d 161 (8th Cir. 1975) (all holding that a cause of action is stated); *with Adams v. Cuyler,* 441 F.Supp. 556 (E.D.Pa.1977); *Raffone v. Sullivan,* 436 F.Supp. 939 (D.Conn.1977); *Hines v. Guthrey,* 342 F.Supp. 594 (W.D.Va.1972); and *Johnson v. Buie,* 312 F.Supp. 1349 (W.D.Mo.1970) (all holding that no cause of action is stated).

**4.** Art. 4, § 2, cl. 2 provides:

A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime.

**5.** 18 U.S.C. § 3182 provides:

Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

required to follow certain procedures in obtaining a warrant from the Indiana governor.[6] Finally, under Missouri law, plaintiff had the right to demand legal counsel and challenge the legality of the arrest by applying for a writ of *habeas corpus.*[7]

■ From the allegations of the complaint, which of course we must accept as true,[8] and the record before us, it appears that none of the procedural protections provided by either federal or state law were followed in this case by Soos and Haney. Under these circumstances where plaintiff has alleged violation of rights protected by federal law, and violation of rights protected by state law derived from federal law, we hold that a complaint which charges abuse of the extradiction power by noncompliance with applicable law states a cause of action under 42 U.S.C. § 1983.[9] We emphasize, however, that we intimate no views on whether plaintiff will ultimately be able to establish that he has suffered any damages as a result of the actions of Soos and Haney. *Cf. Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

## II.

■ Plaintiff also alleges that the district court erred in refusing to appoint counsel to prosecute this action. The law is well settled, however, that the appointment of legal counsel in a civil action is a matter within the discretion of the trial court. *E. g., Ehrlich v. Van Epps,* 428 F.2d 363 (7th Cir. 1970). We hold that the district court did not abuse its discretion in failing to appoint counsel in the instant case.

The judgment appealed from is reversed and remanded for further proceedings consistent with this opinion.

---

**6.** Ind.Code Ann. § 35–2.1–2–3 provides in relevant part:

When the return to this state of a person charged with a crime in this state is required, the prosecuting attorney of the county in which the offense is committed shall present to the governor his written application for a requisition for the return of the person charged, in which application shall be stated the name of the person so charged, the crime charged against him, and the approximate time, place and circumstances of its committal, the state in which he is believed to be, including the location of the accused therein at the time the application is made, and certifying that in the opinion of the said prosecuting attorney the ends of justice require the arrest and return of the accused to this state for trial, and that the proceeding is not instituted to enforce a private claim. The application shall be verified by affidavit, shall be executed in duplicate and shall be accompanied by two certified copies of the indictment returned, or information and affidavit filed, or of the complaint made to the magistrate, stating the offense with which the accused is charged. . . .

**7.** Mo.Ann.Stat. § 548.101 provides:

No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of *habeas corpus.*

**8.** Defendants' allegation that plaintiff waived extradition raises an issue of fact for resolution at a later stage.

**9.** Since we find that plaintiff has alleged that defendants violated his rights under federal law and under the laws of both Indiana and Missouri, we see no merit in defendants' argument that any § 1983 remedy should only be imposed against officials of the asylum state.