**McKinley ROBINSON, Plaintiff,**

v.

**Edward VACLAVIK et al., Defendants.**

**No. 79–904C(C).**

United States District Court,
E. D. Missouri, E. D.

Sept. 6, 1979.

McKinley Robinson, pro se.

Thomas J. Ray, Asst. City Counselor, St. Louis, Mo., for defendants.

### MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on defendants' motion to dismiss plaintiff's com-

plaint. For reasons stated below, the motion will be granted.

Plaintiff brings this action *pro se* under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 2201, *et seq.,* seeking declaratory relief and damages for allegedly unconstitutional extradition procedures between police officers in East St. Louis, Illinois, and St. Louis, Missouri. Plaintiff alleges that his constitutional rights were violated when police officers in East St. Louis, Illinois, "seized and transported" him from Illinois into the custody of police officers in St. Louis, Missouri.

Defendants move to dismiss plaintiff's complaint for failing to state a claim upon which relief may be granted. They allege that plaintiff cannot maintain a federal civil rights action under 42 U.S.C. § 1983 for damages arising out of improper state extradition procedures.

Most of the cases that have discussed the issue have held that there is no cause of action under § 1983 for an improper or even illegal extradition. *See, e. g., Johnson v. Buie,* 312 F.Supp. 1349 (W.D.Mo.1970). The courts have generally found in cases with similar facts as the case at bar, plaintiffs cannot properly invoke federal jurisdiction because they do not state the denial of any federally protected right within the meaning of the Federal Civil Rights Act. *Smith v. State of Idaho,* 373 F.2d 149 (9th Cir.), cert. den. 388 U.S. 919, 87 S.Ct. 2139, 18 L.Ed.2d 1364 (1969).

█ In order for plaintiff to maintain a civil rights action under Section 1983, he must show that the conduct complained of (1) was engaged in under color of state law, and (2) resulted in a deprivation of plaintiff's constitutionally protected rights.

In the present case, plaintiff asserts that police officers seized and transported him under color of Missouri state law, resulting in the alleged deprivation of no less than five separate constitutional rights. However, the Court is unable to see how the facts alleged by plaintiff resulted in the deprivation of federally protected rights. Rather, plaintiff has stated a series of legal conclusions unsupported by the factual allegations in the complaint.

█ The Constitution imposes upon each state an obligation to extradite a fugitive found within its borders to the state from which he has fled upon proper demand from that state. The Constitutional provision, Article 4, § 2, cl. 2, is implemented by 18 U.S.C. § 3182. Yet neither the constitutional provision nor the federal statute establishes the details of the procedure for effecting extradition. This task has been left up to the states themselves. *Raffone v. Sullivan,* 436 F.Supp. 939 (D.Conn.1977). Missouri, like most all of the states, has adopted the Uniform Criminal Extradition Act, which sets up certain procedural safeguards for the benefit of the accused. Mo. Rev.Stat. § 548.010, *et seq.* Violation of these safeguards may give rise to a cause of action for false arrest or false imprisonment in the asylum state whose law was breached. But since the safeguards derive from state rather than federal laws, 42 U.S.C. § 1983 does not provide a remedy for their breach. Thus, plaintiff may have an action under state law for false imprisonment by the defendants, but he cannot maintain the federal suit based on 42 U.S.C. § 1983.

█ Apart from the procedural protections a fugitive might have under Missouri law, plaintiff has some degree of protection under the Fourteenth Amendment. The modern conception of due process expressed in *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1951), was applied to facts similar to those in the case at bar in *United States v. Toscanino,* 500 F.2d 267 (2d Cir. 1974). Due process would be violated if a defendant had been brought into the prosecuting jurisdiction "as a result of the government's deliberate, unnecessary, and unreasonable invasion of the accused's constitutional rights," 500 F.2d at 275. Conduct sufficiently shocking to the conscience to require invalidation of a conviction on due process grounds also supports a cause of action under the Civil Rights Act. *Johnson v. Glick,* 481 F.2d 1028 (2d Cir. 1973), cert. den. sub nom.; *Employee-Officer John v. Johnson,* 414 U.S. 1033, 94 S.Ct. 462, 38

L.Ed.2d 324. If plaintiff had stated brutal or outrageous conduct comparable to that alleged in *Toscanino,* he would have stated a cause of action.

 A *pro se* complaint is to be liberally construed. *Haggy v. Solem,* 547 F.2d 1363 (8th Cir. 1977). However, plaintiff has failed to allege any facts tending to show outrageous conduct on the part of defendants. Further, plaintiff does not allege diversity, or even that his arrest was made without probable cause. Under these circumstances, he has no claim for damages under the Civil Rights Act.

Accordingly, defendants' motion to dismiss plaintiff's complaint will be granted for failure to state a federal claim, without prejudice to whatever rights the plaintiff may have under Missouri or Illinois law. Rule 12(b), Fed.R.Civ.P.