**Richard J. THEIS and Terre Theis, Plaintiffs,**

v.

**Warren SMITH, Betty Smith, Kenneth Ray Peterson, Nicholas J. Schiralli, City of Oak Forest, G. Tyssen, and Steven Stiglich, Defendants.**

**No. 86 C 6994.**

United States District Court, N.D. Illinois, E.D.

Jan. 14, 1988.

Carl M. Walsh, Martin S. Gerber, Lonny Ben Ogus, Chicago, Ill., for plaintiffs.

Steven E. Glink, Lisa A. Lett, Ancel, Glink, Diamond, Murphy & Cope, P.C., Chicago, Ill., Robert K. Higginson, Lansing, Ill., Hamilton L. Carmouche, Merrillville, Ind., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This suit pursuant to 42 U.S.C. § 1983 is before the court on the motions to dismiss of Warren and Betty Smith, the City of Oak Forest, and police officer G. Tyssen.

Those motions are granted for the reasons stated below.

## FACTS

The following facts are alleged in plaintiffs' complaint. For the purposes of this motion they are presumed to be true.

The Smiths filed a lawsuit against Richard Theis in Lake County, Indiana, and obtained a judgment against him. They then moved for supplemental proceedings, but Kenneth Peterson, the Clerk of the Court of Lake County, Indiana, sent the motion to the wrong address. The envelopes addressed to Richard Theis were returned.

At the hearing on the supplemental proceedings, the Smiths swore that Richard Theis was served with the appropriate legal papers. In reliance on this statement, Judge Nicholas Schiralli held Richard Theis in contempt of court for failing to appear and issued a bench warrant for his arrest. Judge Schiralli then required Steven Stiglich, the Sheriff of Lake County, to send a certified copy of the arrest warrant to the Oak Forest police department. Stiglich complied with the order even though he allegedly knew that it was invalid.

Officer Tyssen arrested Richard Theis pursuant to orders of the Oak Forest police department, and Theis spent the night in Cook County jail, where he was beaten and humiliated. When he subsequently appeared before Judge Schiralli for sentencing, it was determined that he had received no notice of the supplemental proceedings brought by the Smiths. Judge Schiralli thereupon dismissed the contempt proceedings against Richard Theis.

Since the date of the dismissal, Richard and Terre Theis have been subjected to unlawful searches and seizures, deprivations of property, and slander. These acts were committed by Oak Forest officials and other persons supplied with information of the above events by the City of Oak Forest. Plaintiffs claim violations of the Fifth, Ninth, Tenth, and Fourteenth Amendments to the Constitution, and additionally allege that all defendants conspired

to deprive plaintiffs of their constitutional rights.

## DISCUSSION

Plaintiffs' claims under the Ninth Amendment, Tenth Amendment, Fifth Amendment due process clause, and Fourteenth Amendment equal protection clause can be dismissed without much discussion. The Tenth Amendment to the Constitution reserves any powers not delegated to the federal government to the states or to the people. It nowhere supplies plaintiffs with substantive rights, nor do the Theises cite any cases where it has been so used. All Tenth Amendment claims therefore are dismissed.

The Ninth Amendment is similar to the Tenth; it states that people retain rights in addition to those enumerated in the Constitution. The Theises allege no rights other than constitutional ones, so any Ninth Amendment claim is dismissed.

The Fifth Amendment due process clause applies only to actions taken by the federal government. *See Public Utilities Commission v. Pollak,* 343 U.S. 451, 461, 72 S.Ct. 813, 820, 96 L.Ed. 1068 (1952). Since the moving defendants are neither the federal government nor its employees, any Fifth Amendment claims against them cannot stand.

Finally, plaintiffs cannot allege any injuries under the Fourteenth Amendment's equal protection clause, for they have not alleged that they are members of a recognized class. *See* Rotunda, Nowak and Young, *Constitutional Law: Substance and Procedure* § 18.1 at p. 316 (1986). This court will now examine the alleged procedural due process violations with respect to each defendant.

■ It has been well-established for nearly a decade that a police officer executing an apparently valid arrest warrant has no obligation to "investigate independently every claim of innocence" or to "perform an error-free investigation." *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). He is entitled to rely on the warrant, and is not subject to liability even though probable cause may be lacking. *Id.; see also, Patton v. Przybylski,* 822 F.2d 697, 699 (7th Cir.1987). There is no allegation in the complaint that Officer Tyssen had any reason to question the warrant for Richard Theis' arrest. Plaintiffs' § 1983 suit against Tyssen therefore is dismissed.

■ The Theises are no more successful in their attempt to sue the City of Oak Forest. In order to sue a municipality under § 1983, plaintiffs had to allege an official municipal policy or custom. A claim that plaintiffs suffered one allegedly unconstitutional deprivation is insufficient. *See Henry v. Farmer City State Bank,* 808 F.2d 1228, 1237 (7th Cir.1986).

■ Plaintiffs do not allege that Oak Forest uses improper extradition procedures. First of all, this suggestion is made in their memoranda in opposition to the motions to dismiss, not in their complaint. Second, according to *McBride v. Soos,* 594 F.2d 610, 612–13 (7th Cir.1979), a case cited by plaintiffs, extradition procedures are valid when (1) the person demanded is substantially charged with a crime; (2) he is a fugitive; and (3) proper state procedures are followed. Plaintiffs' complaint does not meet this test. Finally, Oak Forest has no choice but to execute facially valid arrest warrants. They thus cannot be said to have formulated an unconstitutional policy. *See* Ill.Rev.Stat. ch. 38, ¶ 107–1(a) (1980) (defining an arrest warrant as a court order "commanding" a person's arrest); *see also Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 1301–02, 89 L.Ed. 2d 452 (1986) (White, J., concurring). The City's motion to dismiss is granted.

■ The third and final motion to dismiss is brought by the Smiths, plaintiffs in the earlier suit against Richard Theis. According to this complaint, the Smiths falsely represented to Judge Schiralli that they had served Richard Theis with their motion for supplemental proceedings. Even assuming this to be true, plaintiffs have no cause of action against them, for "a private misuse of a statute or procedure ... does not describe conduct which is actionable under § 1983 ..., despite the participation

of state officers in effecting statutory processes." *Winterland Concessions Company v. Trela,* 735 F.2d 257, 262 (7th Cir. 1984). The same is true of a misuse of the courts. *Id.*

■ The Smiths also cannot be roped into federal court on a conspiracy theory. In order to plead a § 1983 conspiracy between private persons and state officials, plaintiffs must allege an agreement to deprive them of their constitutional rights. Boilerplate allegations of such an agreement are insufficient. *See Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1352–53 (7th Cir.1985).

■ The Theises' complaint pales in comparison to this standard, since its allegations are merely conclusory. Further, the pleading itself tends to negate the existence of a conspiracy because it states that the Smiths lied to state officials. This court therefore dismisses the conspiracy claims against the Smiths, the City of Oak Forest, and Officer Tyssen; the same allegation is made with respect to all of them.

■ Rule 11 sanctions are appropriate. Every one of the claims adjudicated here was foreclosed by prior case law, and plaintiffs' lawyers did not even attempt a good faith argument for extending or modifying that law. Counsel must do legal research before filing pleadings. *Frantz v. United States Powerlifting Federation,* 836 F.2d 1063, 1064 (7th Cir.1987). When a complaint is filed in violation of that principle, the district court is required to impose sanctions. *Id.; see also, Brown v. Federation of State Medical Boards,* 830 F.2d 1429, 1434 n. 3 (7th Cir.1987). Those sanctions may be allocated against plaintiffs or their attorneys. *Id.* at 1437.

The proper amount of sanctions would be the costs incurred by Officer Tyssen, the City of Oak Forest, and the Smiths in bringing their motions to dismiss. Because the memoranda in support of the motions to dismiss were substantially similar and at times virtually identical, this court expects that the hours spent will not be much greater than those involved in bringing a single motion. Upon the filing of a reasonable schedule of attorneys' fees, this court will tax them as costs against plaintiffs' lawyers. It is appropriate to impose the fees against counsel because they advanced the wrong legal theories in support of their clients' case.

## CONCLUSION

Defendants' motions to dismiss are granted with prejudice. Judgment is entered in favor of the Smiths, the City of Oak Forest, and Officer Tyssen. Attorneys' fees will be taxed against plaintiffs' lawyers upon the filing of a reasonable fee request.